STATE OF HAWAII, Plaintiff-Appellee, *v.* SCOTT WHITLEY, Defendant-Appellant

NO. 8671

(CASE NO. 4P OF 3/22/82)

NOVEMBER 22, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal by Defendant-Appellant Scott Whitley from his conviction in the District Court of the First Circuit for harassment. Although defendant-appellant raises several issues on appeal, the only issue that merits our consideration is whether the district court erred in allowing the prosecutor to amend the charge from disorderly conduct to harassment prior to trial. We hold that the district court was in error and reverse.

HRPP Rule 7(e) provides:

> (e) *Amendment.* The court may permit a charge other than an indictment to be amended at any time before verdict or finding if no additional or different offense is charged *and* if substantial rights of the defendant are not prejudiced. [Emphasis added.]

The State concedes that the charge of harassment is a separate and different offense from the offense of disorderly conduct, *State v. Woicek,* 63 Haw. 548, 552, 632 P.2d 655, 657 (1981); however, it argues that an amendment is, nevertheless, allowable where the defendant is not surprised by such amendment and is given the opportunity prior to trial to obtain a continuance but declines. We disagree.

The State's argument would be meritorious if the conditions of HRPP Rule 7(e) were set forth in the alternative by the disjunctive "or." That is not the case. The rule clearly provides that both conditions must be met before the court has the discretion to permit an amendment of the charge.

Therefore, even assuming arguendo, that defendant was not prejudiced, we hold that the lower court erred in permitting the amendment.

Reversed.

*Jack F. Schweigert* and *Earle A. Partington* on the brief for appellant.

*Alexandra Kaan,* Deputy Prosecuting Attorney, on the brief for appellee.