912 P.2d 573

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Seilusi F. MATAUTIA, Defendant–Appellant.**

**No. 16774.**

Intermediate Court of Appeals of Hawai'i.

Feb. 27, 1996.

Richard W. Pollack, Public Defender, on the brief, Honolulu, for defendant-appellant.

Patricia A. Loo, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

WATANABE, Judge.

Defendant–Appellant Seilusi F. Matautia (Defendant), also known as Fonoti Matautia, appeals from the December 9, 1992 judgment of the District Court of the First Circuit, challenging: (1) his conviction for operating a motor vehicle without being examined and licensed as a qualified driver (driving without a license), a violation of Hawai'i Revised Statutes (HRS) § 286–102 (1993); and (2) his sentence for driving under the influence of intoxicating liquor (DUI), a violation of HRS § 291–4(a)(1) (1993).

We conclude that the trial court reversibly erred when it allowed the State, just prior to the commencement of trial, to amend the original charge against Defendant for driving while license suspended to allege instead that Defendant was driving without a license. Accordingly, we vacate that part of the judgment which convicted Defendant for the offense of driving without a license and remand with instructions that the driving-without-a-license charge against Defendant be dismissed. We also conclude that the trial

court improperly sentenced Defendant as a third-time DUI offender because there was no evidence offered at trial that Defendant's prior DUI convictions had been counseled. Therefore, we vacate Defendant's sentence for the DUI offenses and remand for resentencing.

## BACKGROUND

At 11:45 p.m. on June 11, 1991, Defendant was stopped on suspicion of DUI, after Honolulu Police Officer Clyde Hayami (Officer Hayami) observed Defendant weaving between the outer and inner lanes of Farrington Highway. As Officer Hayami approached Defendant's car, he saw Defendant finish drinking a can of beer before opening his car door to get out. Officer Hayami detected a strong odor of alcohol and observed that: (1) Defendant's eyes were red, watery, and glassy; (2) Defendant stumbled when getting out of his car; and (3) Defendant had trouble standing upright.

When Officer Hayami asked Defendant for his driver's license, Defendant produced an expired license bearing his photograph, but with the name "Fonoti Matautia" on it. After failing a field sobriety test administered by Officer Hayami, Defendant was arrested and subsequently charged with: (1) DUI; (2) driving without no-fault insurance; (3) driving while license suspended; (4) operating a vehicle without a certificate of inspection (expired safety inspection); and (5) delinquent motor vehicle tax.

Defendant was then taken to the Pearl City police station, where he refused to submit to a chemical test to determine his blood alcohol content. As a result, he was also charged with refusing to submit to a chemical test after being arrested for DUI, a violation of HRS § 286–155 (1985 & Supp.1990).[1]

At Defendant's December 9, 1992 arraignment, the State dismissed the charges against Defendant for driving without no-fault insurance, expired safety inspection, and delinquent motor vehicle tax charges. The State then requested that the charge of driving while license suspended be amended to driving without a license. Over Defen-

---

1. Hawai'i Revised Statutes (HRS) § 286–155 (1985 & Supp.1990) was repealed, effective July 1, 1991, by section 10 of Act 188, 1990 Haw. Sess. Laws. 399, 412. At the time that Defendant–Appellant Seilusi F. Matautia (Defendant) was arrested, however, the statute read:

**Revocation of privilege to drive motor vehicle or moped upon refusal to submit to testing.** (a) If a person under arrest refuses to submit to a breath or blood test, none shall be given, except as provided in section 286–163, but the arresting officer, as soon as practicable, shall submit an affidavit to a district judge of the circuit in which the arrest was made, stating:
(1) That at the time of the arrest, the arresting officer had reasonable grounds to believe the arrested person had either been driving or was in actual physical control of a motor vehicle or moped upon the public highways while under the influence of intoxicating liquor;
(2) That the arrested person had been informed of the sanctions of this section; and
(3) That the person had refused to submit to a breath or blood test.
(b) Upon receipt of the affidavit, the district judge shall hold a hearing as provided in section 286–156, and shall determine whether the statements contained in the affidavit are true and correct. If the district judge finds the statements contained in the affidavit are true, the judge shall revoke the arrested person's license, permit, or any nonresident privilege to operate a motor vehicle or moped in the State as follows:
(1) For a first revocation, or any revocation not preceded within a five-year period by a revocation under this section, for a period of twelve months; and
(2) For any subsequent revocation under this section, for a period not less than two years and not more than five years.
(c) If the arrested person is a resident without a license or permit to operate a motor vehicle or moped in the State, the district judge shall send notice of the results of the hearing to the examiners of drivers of all counties. The examiners of drivers shall deny the person the issuance of a license or permit for the period of revocation imposed by the district judge under subsection (b).
(d) Whenever a court penalizes a person under this section, it shall also require that the person be referred to a substance abuse counselor who has been certified pursuant to section 321–193 for an assessment of the person's alcohol dependence and the need for treatment. The counselor shall submit a report with recommendations to the court. The court may require the person to obtain appropriate treatment. All costs for such assessment or treatment or both shall be borne by the penalized person.
(e) The penalties provided by this section are additional penalties and not substitutes for other penalties provided by law.

dant's objections, the district court permitted the amendment.

Defendant was tried immediately thereafter and found guilty of DUI, driving without a license, and refusing to submit to a chemical test.[2]

At Defendant's sentencing hearing, the district court found that Defendant had two previous DUI convictions and had committed his third DUI offense within the past five years. Despite Defendant's objection that the prior convictions were not shown to have been counseled and could not be used to enhance his DUI sentence to include a jail term, the district court, applying HRS § 291–4(b)(3) (1985),[3] imposed an enhanced sentence for the DUI charge, stating that because Defendant had not appealed the prior convictions, they were presumed to be "legal."

The court then sentenced Defendant as follows:

(1) for the DUI conviction—60 days in jail, a $1,000 fine, license revocation for five years, and an alcohol assessment;

(2) for driving without a license—a $150 fine and 30 days in jail, with the jail term suspended for one year on condition that Defendant remain arrest- and conviction-free of driving without license; and

(3) for refusing to submit to a chemical test—alcohol assessment, and license revocation for one year, to run consecutively with the other sentences imposed on Defendant.

In this timely appeal, Defendant alleges that the district court committed three re-

versible errors: (1) the court violated Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f) (1995) by permitting the State to amend the original charge of driving while license suspended to driving without a license; (2) the court improperly conditioned the suspension of Defendant's thirty-day jail sentence for driving without a license on Defendant's payment of a fine and remaining free of arrest or conviction; and (3) the court imposed an enhanced sentence for Defendant's DUI conviction, despite the lack of evidence necessary to impose such a sentence.

## DISCUSSION

### I. *Amendment of the Driving–While–License–Suspended Charge*

Count III of the original complaint alleged that:

On or about the 11th day of June, 1991, in the City and County of Honolulu, State of Hawaii [Hawai'i], [Defendant] did operate a motor vehicle on a public highway while driver's license was suspended thereby committing the offense of Driving While License Suspended in violation of Section 286–132 of the Hawaii [Hawai'i] Revised Statutes.

HRS § 286–132 (1993) provides:

**Driving while license suspended or revoked; penalty.** Except as provided in section 291–4.5,[4] any resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked, and who drives any motor vehicle upon the highways of this State while such license, right, or privilege remains can-

(A) A fine of not less than $500 but not more than $1,000;
(B) Revocation of license for a period not less than one year but not more than five years; and
(C) Not less than ten days but not more than one hundred eighty days imprisonment.

---

2. Defendant has not appealed his adjudication of guilt for driving under the influence of intoxicating liquor (DUI) or his conviction for refusing to submit to a chemical test.

3. At the time of Defendant's arrest, HRS § 291–4 (1985) provided, in relevant part, as follows:
    (b) A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:
        *       *       *       *       *       *
    (3) For an offense which occurs within five years of two prior convictions under this section, by:

4. HRS § 291–4.5 (1993) sets forth different penalties for a person whose driver's license has been revoked, suspended, or restricted for DUI.

celed, suspended, or revoked, shall be fined not less than $250 but not more than $1,000 or imprisoned not more than one year.

(Footnote added.)

On the day of trial, the State sought to orally amend Count III of the complaint to read as follows:

[O]n or about June 11, 1991, in the Ewa ['Ewa] District, City and County of Honolulu, State of Hawaii [Hawai'i], [Defendant] operated a motor vehicle without being appropriately examined and duly licensed as a qualified driver of that vehicle, in violation of Section 286–102 of the HRS.

HRS § 286–102 (1993) provides, in pertinent part:

**Licensing.** (a) No person, except one exempted under section 286–105, ... shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

Over Defendant's objection that he had prepared for trial based on the original charge, the district court allowed the amendment, finding it "significant" that the reason Officer Hayami had improperly charged Defendant to begin with was that Defendant had given the officer a different name, Fonoti instead of Seilusi, when he had been stopped.[5] We agree with Defendant that the amendment should not have been allowed.

■ Pursuant to HRPP Rule 7(f), a court "may permit a charge other than an indictment to be amended at any time before verdict or finding" only "if no additional or different offense is charged *and* if substantial rights of the defendant are not prejudiced." (Emphasis added.) The foregoing test is conjunctive, and amendment of a charge is improper unless both requirements are satisfied. *State v. Whitley*, 65 Haw. 486, 654 P.2d

354 (1982). We therefore examine whether the requirements were satisfied in this case.

### A. The No-Additional-or-Different-Offense Requirement

■ In determining whether "no additional or different offense is charged" for Rule 7(f) purposes, the dispositive issue is whether the amended charge offense is a lesser included offense of the charged offense. *State v. Woicek*, 63 Haw. 548, 632 P.2d 654 (1981). Pursuant to HRS § 701–109(4) (1993), which is patterned almost verbatim after Model Penal Code § 1.07 (Official Draft 1962), three alternate tests exist for determining whether an offense is included in another. An offense is a lesser included offense of another if it:

(a) ... is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) ... consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) ... differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

HRS § 701–109(4) (1993).

■ Under any of the foregoing tests, we conclude that driving without a license is not a lesser included offense of driving while license suspended.

#### 1. The subsection (a) test.

■ Subsection (a) of HRS § 701–109(4) codifies the common law definition of an included offense as one that is established by proof of the same or less than all of the facts required to establish the offense charged. *State v. Kupau*, 63 Haw. 1, 5, 620 P.2d 250, 252 (1980). In other words, "an offense is

---

5. Our review of the record reveals, however, that Officer Hayami was aware of Defendant's correct name shortly after arresting Defendant. Indeed, in a June 12, 1991 affidavit explaining the grounds for Defendant's arrest, Officer Hayami identified Defendant by his correct full name, Seilusi Fonoti Matautia. Record on Appeal, Exhibit 3. Furthermore, the State's written complaint against Defendant, filed on August 21, 1991, named Defendant by his proper name. Accordingly, the claim that Defendant was improperly charged because he had given the officer a different name is unsupported by the record.

included if it is impossible to commit the greater without also committing the lesser," *State v. Woicek,* 63 Haw. at 551, 632 P.2d at 656, or stated conversely, "a lesser offense is included in a greater if all the statutory elements of the lesser are also elements of the greater." *Model Penal Code and Commentaries* (Official Draft and Revised Commentaries 1985) § 1.07, at 130.

The Hawai'i Supreme Court has held that in applying subsection (a), factors that may be considered in determining whether an offense is a lesser included offense of another include: (1) the degree of culpability; (2) the legislative statutory scheme; and (3) the end result. *State v. Alston,* 75 Haw. 517, 533, 865 P.2d 157, 166 (1994).

In comparing the degrees of culpability of two offenses, "the rule is that a lesser included offense cannot have a mental state greater than or *different from* that which is required for the charged offense." *Id.* (emphasis in original). Additionally, the offenses being compared must be treated similarly in the statutory scheme enacted by the legislature, *e.g.,* be part of the same Hawai'i Penal Code chapter, and reflect a legislative intent to protect similar societal interests. *Id.* Finally, the lesser included offense should produce the same end result as the greater charged offense. *Id.* This latter determination involves an analysis of both the legislative purpose for enacting the offenses, *State v. Burdett,* 70 Haw. 85, 89, 762 P.2d 164, 167 (1988), as well as the legislative definition of the elements, particularly the "results of conduct" element,[6] of the offenses. *See, e.g., State v. Feliciano,* 62

Haw. 637, 639, 618 P.2d 306, 308 (1980) ("The end result of reckless endangering and attempted murder is the same. In both instances the victim does not die but is placed in jeopardy of being injured or is being injured by appellant's conduct."); *State v. Kupau,* 63 Haw. at 7, 620 P.2d at 254 ("The end result [of assault in the third degree] is bodily injury, while harassment has no such result.").

The State argues that when the foregoing factors are applied in the instant case, the HRS § 286–102 offense of driving without a license is clearly a lesser included offense of driving while license suspended, in violation of HRS § 286–132.

The State points out that both statutes are outside the Hawai'i Penal Code, fail to specify the state of mind necessary to commit the respective offenses, and contain no legislative indication of an intent to impose absolute liability for said offenses. Therefore, pursuant to HRS §§ 702–204 (1993)[7] and 702–212 (1993),[8] the degree of culpability for both offenses is identical: intentional, knowing, or reckless.

The State also directs our attention to the fact that both offenses are included in Part VI, entitled "Motor Vehicle Driver Licensing," of HRS chapter 286, commonly referred to as the "Hawaii [Hawai'i] Highway Safety Act," HRS § 286–1 (1993), and are, therefore, part of a common legislative scheme.

Finally, the State maintains that both offenses protect the same societal interest— ensuring that only properly licensed individu-

---

6.  HRS § 702–205 (1993) defines the elements of an offense, for purposes of the Hawai'i Penal Code, as follows:

> **Elements of an offense.** The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as:
> (a) *Are specified by the definition of the offense,* and
> (b) Negative a defense (other than a defense based on the statute of limitations, lack of venue, or lack of jurisdiction).

(Emphasis added.)

7.  HRS § 702–204 (1993) provides:

> Except as provided in section 702–212, a person is not guilty of an offense unless the person acted intentionally, knowingly, reck-

lessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

8.  According to HRS § 702–212 (1993):

> The state of mind requirements prescribed by sections 702–204 . . . do not apply to:
>
> \*   \*   \*   \*   \*   \*
>
> (2) A crime defined by statute other than this Code, insofar as a legislative purpose to impose absolute liability for such offense or with respect to any element thereof plainly appears.

als drive on Hawai'i's highways and roads—and thus produce the same end result.

We note, however, that proof of the elements of the offense of driving without a license will *not* establish the offense of driving while license suspended. In order to sustain a conviction for driving without a license, the State must prove that the defendant:

1. operated any category of motor vehicles listed in HRS § 286–102;

2. was not first "appropriately examined and duly licensed as a qualified driver of that category of motor vehicles[;]" and

3. was not excepted by statute from the driver's licensing requirements.

HRS § 286–102.

On the other hand, in order to establish that a defendant drove while his or her driver's license was suspended, the following proof is required:

1. the defendant's "driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked[;]" and

2. the defendant drove "any motor vehicle upon the highways of this State while such license, right, or privilege remains canceled, suspended, or revoked[.]"

HRS § 286–132.

Except for the common requirement that the defendant must have operated a motor vehicle, the statutory elements for both offenses are totally different. Proof of the elements of the driving-while-license-suspended offense will not automatically establish the elements of the driving-without-a-license offense. Accordingly, driving without a license is not a lesser included offense of driving while license suspended under the subsection (a) test.

### 2. *The subsection (b) test.*

The amended charge did not accuse Defendant of *attempting* to commit the charged offense. Therefore, the subsection (b) test is clearly not relevant to a lesser-included-offense analysis in this case.

### 3. *The subsection (c) test.*

■ The Hawai'i Supreme Court has recognized that subsection (c) of HRS § 701–109(4) "expands the doctrine of lesser included offenses" beyond the common law doctrine to "additionally include as lesser included offenses crimes that require a lesser degree of culpability or a less serious injury or risk of injury." *Kupau*, 63 Haw. at 7, 620 P.2d at 254. "Subsection (c) differs from (a) in that there may be some dissimilarity in the facts necessary to prove the lesser offense, but the end result is the same." *State v. Alston*, 75 Haw. at 536, 865 P.2d at 167 (quoting *State v. Freeman*, 70 Haw. 434, 440, 774 P.2d 888, 892 (1989)); *State v. Kinnane*, 79 Hawai'i 46, 55, 897 P.2d 973, 982 (1995).

■ In applying the subsection (c) test, the following factors may be considered: (1) the degree of culpability, (2) the degree or risk of injury; and (3) the end result. *Alston, supra; Kinnane, supra* (citations omitted).

In this case, the offense of driving without a license does not involve a lesser degree of injury or culpability than the charged offense of driving while suspended. Therefore, the subsection (c) test is clearly not applicable.

Because driving without a license is not a lesser included offense of driving while license suspended under any of the three tests, the amended charge against Defendant alleged an "additional or different offense" and was thus improper under the first requirement of HRPP Rule 7(f).

### B. *The Requirement of No Prejudice to Defendant's Substantive Rights*

■ The amended charge was also improper because the second requirement under HRPP Rule 7(f), that Defendant's substantial rights not be prejudiced by the amendment, was not satisfied.

The Sixth Amendment to the United States Constitution explicitly provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation[.]" Article I, section 14 of the Hawai'i Constitution recognizes a similar right.

In this case, the written complaint against Defendant accused him of committing the offense of driving while license suspended. However, just minutes before trial was to commence, the complaint was amended to instead accuse Defendant of committing the offense of driving without a license. Since the elements of the amended charge offense are different from the elements of the charged offense, Defendant clearly did not have time to prepare an adequate defense to the new charge and was substantially prejudiced by the last-minute amendment.

## II. *Defendant's Enhanced DUI Sentence*

 The district court found that Defendant had two prior DUI convictions within five years of the DUI conviction in the instant case. Applying the mandatory enhanced sentencing provisions of HRS § 291–4(b)(3),[9] the court sentenced Defendant to serve a jail term of sixty days and pay a fine of $1,000 and, in addition, revoked Defendant's driver's license for five years.

In *State v. Hoglund*, 71 Haw. 147, 785 P.2d 1311 (1990), the Hawai'i Supreme Court held that an uncounseled misdemeanor conviction could "not be used collaterally to impose *an increased term of imprisonment* upon a subsequent conviction pursuant to a repeat offender statute because it is not sufficiently reliable to support the severe sanction of imprisonment." *Id.* at 152, 785 P.2d at 1313 (emphasis in original).

The State concedes that the district court improperly sentenced Defendant for DUI since

> there was a failure of evidence presented at trial . . . that Defendant received counsel, or intelligently waived counsel, at the prior DUI convictions, in order to satisfy proof for enhanced sentencing purposes.

In light of the record, we vacate Defendant's sentence for his DUI conviction and remand to the district court for resentencing.

9. See footnote 3.

1. Lorraine Akiba succeeded Keith Ahue as the Director of Labor and Industrial Relations during the pendency of this action. Pursuant to

## CONCLUSION

Based on the foregoing discussion, we vacate that part of the December 9, 1992 judgment which convicted Defendant of driving without a license and remand to the district court with instructions to dismiss the driving-without-a-license charge against Defendant. We also vacate that part of the judgment which sentenced Defendant as a third-time DUI offender and remand to the district court with instructions to resentence Defendant.