107 P.3d 1201

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Mark David KROLL, Defendant–Appellant.**

**No. 25813.**

Intermediate Court of Appeals of Hawai'i.

Feb. 18, 2005.

As Corrected Feb. 24, 2005.

---

---

Jack Schweigert, on the briefs, for defendant-appellant.

Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by LIM, J.

Mark David Kroll (Kroll) appeals the May 4, 2004 judgment of the district court of the

first circuit that convicted him of harassment.[1] Because the circuit court of the first circuit offended Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f) (2002)[2] by allowing the State to amend the original complaint of assault in the third degree[3] to harassment,[4] we vacate the judgment and remand to the district court to dismiss the harassment charge.

### I. Background.

On January 31, 2002, the State filed a complaint in the circuit court charging Kroll with the offense of assault in the third degree. The district court had committed Kroll to the circuit court because he had demanded a jury trial. The charge arose out of a December 27, 2001 incident at the federal building in Honolulu, in which Kroll allegedly hit a security officer in the head with a small, plastic sign because the officer would not allow him after-hours entry into the social security offices.

On February 1, 2002, the State filed a motion to amend its complaint from assault to harassment. The State also asked that the case be remanded back to the district court for trial, because the lower gravity of the amended charge would no longer afford Kroll the right to a jury trial. At the February 4, 2002 hearing on the motion, Kroll's attorney objected, stating that Kroll "insists on having a jury trial on this matter." Kroll himself chimed in, telling the circuit court that "I was hoping that I would be able to

---

1. Hawaii Revised Statutes (HRS) § 711–1106(1)(a) (Supp.2004) provides that, "A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person: Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[ ]." (Enumeration omitted; format modified.) HRS § 711–1106(2) (Supp.2004) states that, "Harassment is a petty misdemeanor."

2. Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f) (2002) provides that, "The court may permit a charge other than an indictment to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

3. HRS § 707–712(1)(a) (1993) provides that, "A person commits the offense of assault in the third degree if the person: Intentionally, knowingly, or recklessly causes bodily injury to another person[.]" (Enumeration omitted; format modified.) HRS § 707–712(2) (1993) provides in relevant part that, "Assault in the third degree is a misdemeanor[.]"

4. On appeal, the State concedes the error. We confirm the error, *infra. See State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) ("a confession of error by the prosecution is not binding upon an appellate court" (citation and internal quotation marks omitted)).

have a jury hear what happened[.]" The circuit court granted the State's motion.[5] An amended complaint was filed on February 5, 2002, and the case was remanded to the district court, where Kroll was convicted of harassment after a bench trial.[6]

## II. Discussion.

 In *State v. Matautia*, 81 Hawai'i 76, 912 P.2d 573 (App.1996), we held that the district court had reversibly erred by amending a count of a complaint from driving while license suspended to driving without a license. *Id.* at 81, 912 P.2d at 578. We explained:

> Pursuant to HRPP Rule 7(f) [(1995)], a court "may permit a charge other than an indictment to be amended at any time before verdict or finding" only "if no additional or different offense is charged *and* if substantial rights of the defendant are not prejudiced." (Emphasis added.) The foregoing test is conjunctive, and amendment of a charge is improper unless both requirements are satisfied. *State v. Whitley*, 65 Haw. 486, 654 P.2d 354 (1982). We therefore examine whether the requirements were satisfied in this case.

> . . . .

> In determining whether "no additional or different offense is charged" for Rule 7(f) purposes, the dispositive issue is whether the amended charge offense is a lesser included offense of the charged offense. *State v. Woicek*, 63 Haw. 548, 632 P.2d 654 (1981).

*Matautia*, 81 Hawai'i at 81, 912 P.2d at 578. Concluding that driving without a license is not a lesser included offense of driving while license suspended, *id.* at 81-83, 912 P.2d at 578-80, and further concluding that Matautia was "substantially prejudiced" because the amendment was made on the brink of trial, *id.* at 83-84, 912 P.2d at 580-81, we vacated Matautia's conviction of driving without a license and remanded to the district court with instructions to dismiss the amended charge. *Id.* at 84, 912 P.2d at 581.

 Here, it is clear that harassment is not a lesser included offense of assault in the third degree, *State v. Kupau*, 63 Haw. 1, 2-7, 620 P.2d 250, 251-54 (1980), and hence, it cannot be said that "no additional or different offense is charged[.]" HRPP Rule 7(f); *Matautia*, 81 Hawai'i at 81, 912 P.2d at 578. It is equally clear here that the amendment of the complaint prejudiced Kroll in a substantial right, HRPP Rule 7(f); *Matautia*, 81 Hawai'i at 81, 912 P.2d at 578, the right to a jury trial. *See State v. Basabe*, 105 Hawai'i 342, 97 P.3d 418 (App.2004).

## III. Conclusion.

Accordingly, the May 4, 2004 judgment of the district court is vacated and the case is remanded to the district court with instructions to dismiss the charge of harassment. *Matautia*, 81 Hawai'i at 84, 912 P.2d at 581.

---

5. The transcript indicates that the Honorable Richard K. Perkins held the hearing on and orally granted the State's motion to amend complaint. However, it appears that the written order granting the State's motion was signed by the Honorable George Y. Kimura "for" the Honorable Gail C. Nakatani.

6. The Honorable Clarence A. Pacarro presided.