**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000421
31-MAY-2017
08:19 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHELLE HELEN CASTILLON, Defendant-Appellant.

NO. CAAP-16-0000421

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-15-042273)

MAY 31, 2017

NAKAMURA, CHIEF JUDGE, AND LEONARD AND REIFURTH, JJ.

OPINION OF THE COURT BY NAKAMURA, CHIEF JUDGE

In this appeal, we address the question of whether the
exceptions to the prohibition against driving without a license
(DWOL) set forth in the statute defining the offense constitute
defenses to the offense or essential elements of the offense. As
explained below, we hold that the statutory exceptions to the
DWOL offense are defenses for which the defendant bears the
initial burden of producing evidence, and not essential elements
that the prosecution in every case must prove do not apply. In
doing so, we overrule our characterization in State v. Matautia,
81 Hawai'i 76, 83, 912 P.2d 573, 580 (App. 1996), of the
statutory exceptions as elements of the DWOL offense.

Defendant-Appellant Michelle Helen Castillon (Castillon) was charged with and convicted of DWOL. At trial, Plaintiff-Appellee State of Hawai'i (State) proved that Castillon did not have a vaild Hawai'i driver's license on November 19, 2015, when she was observed driving a car on a public road. On appeal, Castillon argues that there was insufficient evidence to support her DWOL conviction because the State failed to prove that all the statutory exceptions to the DWOL offense did not apply. In particular, Castillon argues that the State failed to prove that she did not fall within the exceptions for persons who possess driver's licenses issued by Canada or Mexico. Castillon, on her part, did not present any evidence that she had a driver's license issued by Canada or Mexico or that she fell within any of the other statutory exceptions to the DWOL offense. Based on our holding that the statutory exceptions to the DWOL offense constitute defenses to, and not essential elements of, the DWOL offense, we reject Castillon's argument that there was insufficient evidence to support her DWOL conviction.

Castillon also argues on appeal that the District Court of the Third Circuit (District Court)[1] failed to obtain a valid waiver of her right to testify as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995). The District Court did not obtain a waiver directly from Castillon, and instead accepted the representation of Castillon's counsel that Castillon did not want to testify. We conclude that this was insufficient to satisfy Tachibana. We therefore vacate Castillon's DWOL conviction and remand the case for a new trial.

BACKGROUND

The underlying facts are not disputed. On November 19, 2015, Hawai'i County Police Department Officer Aron Tomota (Officer Tomota) observed Castillon driving a car on a public road. Officer Tomota effected a traffic stop of Castillon's car

---

[1] The Honorable Margaret K. Masunaga presided.

2

after noticing that her "vehicle tags" were expired. Castillon was not able to provide Officer Tomota with a driver's license.

Castillon was charged with DWOL. At trial, Officer Tomota testified about his traffic stop and identified Castillon in court as the person he had stopped. The State also called Shannon McCandless (McCandless), the supervising driver's license examiner for the County of Hawaiʻi (County). Through McCandless' testimony and records of the County's Driver's License Section, the State established that on November 19, 2015, the date Castillon was stopped by Officer Tomota, Castillon did not possess a valid Hawaiʻi driver's license and she was not duly licensed as a qualified driver. McCandless, however, was not able to conduct research on whether Castillon possessed a driver's license from Canada, and McCandless did not testify about whether Castillon had been issued a driver's license by Canada or Mexico.

Castillon did not offer any evidence that she possessed a driver's license from Canada or Mexico, or that she fell within any other statutory exception to the DWOL offense.

DISCUSSION

I.

A.

Castillon's claim that there was insufficient evidence to support her DWOL conviction turns on whether the exceptions to the DWOL offense constitute defenses or essential elements. The DWOL offense is set forth in Hawaii Revised Statutes (HRS) § 286-102. At the time relevant to this case, HRS § 286-102 provided, in pertinent part, as follows:

> (a) No person, <u>except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236,</u> shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

HRS § 286-102(a) (2007) (emphasis added). One of the statutory

3

exceptions to the DWOL offense is for people exempted from licencing requirements under HRS § 286-105 (2007).  HRS § 286-105 provides as follows:

> The following persons are exempt from license:
>
> (1)    Any person while driving or operating a motor vehicle in the service or employ of any branch or agency of the federal government; provided that the person has received a license or permit from the branch or agency to operate and drive the motor vehicle; provided further that the branch or agency has been duly authorized by the federal government to issue the license or permit;
>
> (2)    Any person while driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway; provided that no person under the age of thirteen years shall be permitted to drive or operate any such road machine, farm tractor, or implement of husbandry on a highway;
>
> (3)    Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b), except section 286-102(b)(4), <u>that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States, the Commonwealth of Puerto Rico, United States Virgin Islands, American Samoa, Guam, a province of the Dominion of Canada, or the Commonwealth of the Northern Mariana Islands</u> for that category of motor vehicle which the person is operating;
>
> (4)    Any person who has in the person's possession <u>a valid commercial motor vehicle driver's license issued by any state of the United States, Mexico, or a province of the Dominion of Canada</u> that issues licenses in accordance with the minimum federal standards for the issuance of commercial motor vehicle driver's licenses; and
>
> (5)    Any person who drives or operates state or county motor vehicles while employed by, in the service of, or volunteering for the state or county fire departments, provided that they are trained and certified to drive category (4) motor vehicles as set forth in section 286-102(b)(4) by the state or county government, as appropriate, and provided that the person maintains a category (3) license as set forth in section 286-102(b)(3).

(Emphases added.)

4

Castillon contends that an essential element of the DWOL offense that the State had the prima facie burden of proving was that she did not fall within any of the exceptions to the DWOL offense. Castillon argues that there was insufficient evidence to support her DWOL conviction because the State failed "to affirmatively disprove that Castillon was exempted from licensure under HRS §§ 286-102 and 286-105." In particular, Castillon argues that the State failed to present evidence that the exemptions for a person possessing a valid driver's license from a province of Canada (HRS § 286-105(3)) or a valid commercial motor vehicle driver's license from Mexico or a province of Canada (HRS § 286-105(4)) did not apply to her. We conclude that proving that Castillon did not fall within any of the exceptions to the DWOL offense was not an essential element of the offense, and therefore, Castillon's insufficiency of evidence claim is without merit.

B.

In <u>State v. Nobriga</u>, 10 Haw. App. 353, 873 P.2d 110 (1994), <u>overruled on other grounds by</u> State v. Maelega, 80 Hawai'i 172, 178-79, 907 P.2d 758, 764-65 (1995), this court set forth a framework for determining whether a statutory exception is a "defense" to or an "element" of an offense. In <u>Nobriga</u>, we stated:

> The general and well-settled common law rule is that where an exception is embodied in the language of the enacting clause of a criminal statute, and therefore appears to be an integral part of the verbal description of the offense, the burden is on the prosecution to negative that exception, prima facie, as part of its main case. Annotation, <u>Burden of Averment and Proof As to Exception in Criminal Statute on Which the Prosecution Is Based</u>, 153 A.L.R. 1218, 1226 (1944); 1 Wharton's Criminal Evidence § 20, at 35 (C. Torcia 13th ed. 1972).
>
> <u>This general rule does not apply, however, "when the facts hypothesized in the exceptive provision are peculiarly within the knowledge of the defendant, or the evidence concerning them is within the defendant's private control."</u> 1 Wharton's Criminal Evidence § 20, at 35. <u>Furthermore, when the exception appears somewhere other than in the enacting clause, and is thus a distinct substantive exception or proviso, the burden is on the defendant to bring forward evidence of exceptive facts that constitute a defense.</u> Annotation, 153 A.L.R. at 1277-78; 1 <u>Wharton's</u>

> Criminal Evidence § 20, at 35. The prosecutor is not
> required in such instances to negative, by proof in advance,
> exceptions not found in the enacting clause. 1 Wharton's
> Criminal Evidence § 20, at 33-34.

Nobriga, 10 Haw. App. at 357-58, 873 P.2d at 112-13 (footnote and brackets omitted) (emphasis added).

In State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999), the Hawai'i Supreme Court applied the Nobriga framework to a statute defining the offense of driving without insurance that was very similar in structure to the statute defining the offense of driving without a license at issue in this case. Similar to the DWOL statute, the statute defining the offense of driving without insurance, HRS § 431:10C-104 (1993), contained an exception for drivers that were self-insured. HRS § 431:10C-104 stated in relevant part:

> Except as provided in section 431:10C-105 [(the section
> pertaining to self-insurance)], no person shall operate or
> use a motor vehicle upon any public street, road, or highway
> of the State at any time unless such motor vehicle is
> insured at all times under a no-fault policy.

Lee, 90 Hawai'i at 132 n.1, 976 P.2d at 446 n.1 (emphasis added) (quoting HRS § 431:10C-104 (1993)).

In Lee, the supreme court addressed the question of whether the statutory exception for self-insured drivers was a defense to or an element of the offense of driving without insurance. Id. at 135-39, 976 P.2d at 449-53. Applying the Nobriga framework for determining whether a statutory exception is a defense (on which the defendant bears the initial burden of producing evidence) or an element of the offense (which the prosecution must disprove in every case), the supreme court concluded that the self-insurance exception was a defense. Id. at 137-38, 976 P.2d at 451-52.

The supreme court reasoned that although the statute defining the offense of driving without insurance (HRS § 431:10C-104) referred to the HRS § 431:10C-105 self-insurance provisions, the self-insurance provisions were not located in the enacting clause of the statute defining the driving without

6

insurance offense.[2] Id. at 138, 976 P.2d at 452. In addition, the supreme court concluded that "[i]nasmuch as self-insurance is likely to be quite rare, it would be absurd to require the prosecution to disprove it in every case." Id.

As in Lee, although HRS § 286-102(a) refers to a series of separate provisions that establish exceptions to the offense of DWOL, the provisions defining the exceptions are not located within the enacting clause of the DWOL offense. More importantly, given the large number of statutory exceptions, and the relatively small number of drivers who would appear to qualify for the exceptions when compared to those who need a valid Hawaiʻi driver's license to drive, it would be absurd to require the prosecution to disprove all the possible exceptions in every case in which the State charged a driver with driving without a license. See id.; State v. Turping, 136 Hawaiʻi 333, 337, 361 P.3d 1236, 1240 (App. 2015) (concluding that it would be absurd to require the prosecution to disprove the statutory exception for denatured or other non-potable alcohol in every drunk driving case).

In addition, under the Nobriga framework, when the facts or evidence concerning the exception are "peculiarly within the knowledge of the defendant" or "within the defendant's private control[,]" the exception constitutes a defense, and not an essential element of the offense. Nobriga, 10 Haw. App. at 358, 873 P.2d at 113 (internal quotation marks, citation, and brackets omitted). This principle provides further support for the conclusion that the exceptions to the DWOL offense are properly characterized as defenses. A person who satisfies one of the statutory exceptions would certainly have knowledge of that fact and would have evidence concerning the exception within his or her control. See State v. Jenkins, 93 Hawaiʻi 87, 107,

---

[2] "In criminal nomenclature, the term 'enacting clause' has long been applied to the prohibitory declaration of the statute which contains the general or preliminary description of the acts prohibited; i.e., the clause which proscribes the offensive deed." Nobriga, 10 Haw. App. at 357 n.1, 873 P.2d at 112 n.1 (citation omitted).

997 P.2d 13, 33 (2000) (holding that whether the defendant did or did not possess a hunting license was a fact peculiarly within the defendant's knowledge, and therefore, the statutory exception to the "place to keep" offense pertaining to individuals with a hunting license constituted a defense).

In contrast, if the statutory exceptions are deemed an essential element of the offense, the State would have the burdensome task of negating in every case all of the numerous exceptions, including exceptions having no possible relevance to the defendant, in order to establish the DWOL offense. For example, in this case, there is no indication of any possibility that the exceptions for a person possessing a valid driver's license from a province of Canada or a valid commercial motor vehicle driver's license from Mexico or a province of Canada might apply to Castillon. Nevertheless, Castillon argues that there was insufficient evidence to find her guilty because the State failed to prove that she did not possess a driver's licence from Canada or Mexico.

In accordance with Lee, we conclude that the statutory exceptions referred to in HRS § 286-102(a) are not elements of the DWOL offense, but constitute defenses to the offense. Lee, 90 Hawai'i at 138, 976 P.2d at 452; see Jenkins, 93 Hawai'i at 107, 997 P.2d at 33; Turping, 136 Hawai'i at 335-37, 361 P.3d at 1238-40 (holding that the statutory exception for denatured or other non-potable alcohol is a defense to and not an element of the offense of operating a vehicle under the influence of an intoxicant). Because Castillon did not offer any evidence that she qualified for any of the statutory exceptions, the burden never shifted to the State to disprove an exception. We therefore conclude that Castillon's insufficiency of evidence claim is without merit.

C.

In support of her claim that the statutory exceptions were essential elements of the DWOL offense, Castillon cites this court's decision in Matautia, 81 Hawai'i 76, 912 P.2d 573. In

Matautia, we characterized proof that "the defendant . . . was not excepted by statute from the driver's licencing requirements[,]" as an essential element of the DWOL offense. Id. at 83, 912 P.2d 580. Our decision in Matautia, however, did not focus on, and we were not called upon to apply, the test for determining whether a statutory exception is a defense to or an element of an offense. Instead, we simply characterized proof that the defendant did not fall within the statutory exceptions as an essential element of the DWOL offense without explaining how or why we reached this conclusion.

Under similar circumstances, the supreme court in Lee overruled a prior decision of this court, which had suggested that the self-insurance exception to the driving without insurance offense was an element of, rather than a defense to, the offense, because the prior decision was "devoid of any explanation of its suggestion in that regard." Lee, 90 Hawai'i at 135, 137, 139, 976 P.2d at 449, 451, 453. Based on our analysis in this case, and in accordance with the supreme court's reasoning in Lee, we likewise overrule our characterization in Matautia of the statutory exceptions to the DWOL offense as essential elements of the offense.

II.

Castillon argues on appeal that the District Court failed to obtain a valid waiver of her right to testify as required by Tachibana. Castillon contends that the District Court violated Tachibana in a number of ways, including that it: (1) failed to advise her that she had the right not to testify; (2) failed to engage her in a "true colloquy"; and (3) failed to obtain an on-the-record waiver of the right to testify directly from Castillon. We conclude that the District Court violated Tachibana by failing to obtain an on-the-record waiver directly from Castillon, and that this error was not harmless beyond a reasonable doubt. Based on this conclusion, we need not address Castillon's claim that the District Court violated Tachibana in other ways.

9

A.

After the State rested its case-in-chief, the District Court engaged in the following exchange with Castillon and her counsel:

> THE COURT:  . . .  Okay.  So, Ms. Castillon, I gotta ask you again -- okay?[3/]
>
> [CASTILLON]:  Mm-hmm.
>
> THE COURT: -- that if you -- you have a right to testify.  If you want to testify, no one can prevent you from testifying.  If you choose to testify, the prosecutor can cross-examine you.  If you choose not to testify, the Court cannot hold that against you.  You understand?
>
> [CASTILLON]:  Yes.
>
> THE COURT: Okay.  So we both --
>
> [DEFENSE COUNSEL]:  And, your Honor, Ms. Castillon -- Ms. Castillon doesn't wanna -- she doesn't wish to testify, your Honor.
>
> THE COURT:  Okay.

After defense counsel interjected and stated that Castillon did not want to testify, the District Court accepted defense counsel's representation and did not obtain a response on the record from Castillon.  This was insufficient to satisfy Tachibana.  See State v. Staley, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999).

B.

In Tachibana, the Supreme Court recognized that a defendant's constitutional right to testify is a personal constitutional right that may not be waived by defense counsel as a matter of trial strategy, but may be relinquished only by the defendant.  Tachibana, 79 Hawai'i at 232, 900 P.2d at 1299.  One of the purposes of the Tachibana inquiry is to ensure that the decision not to testify is truly the decision of the defendant, and not that of his or her attorney.  In other words, to ensure that the defendant's attorney does not prevent a defendant who

_____

3/ Although the District Court states, "I gotta ask you again," it had not previously asked Castillon whether she waived her right to testify.  The District Court was apparently referring to the pre-trial advisement it gave to Castillon regarding her testimonial rights.  The District Court did not ask Castillon at that time for a decision on whether she would be testifying.

wants to testify from exercising his or her right to testify. Given the purpose of the <u>Tachibana</u> inquiry, a representation by the defendant's attorney is not enough.

In <u>Staley</u>, the Hawai'i Supreme Court held that the trial court's failure to obtain an on-the-record waiver directly from Staley, but instead relying on the representation of Staley's counsel that Staley would not be testifying, violated <u>Tachibana</u> and did not constitute a valid waiver of Staley's right to testify. <u>Staley</u>, 91 Hawai'i at 287, 982 P.2d at 916. Based on <u>Staley</u>, we conclude that the District Court in this case did not obtain a valid waiver from Castillon of her right to testify. We further conclude that the District Court's error was not harmless beyond a reasonable doubt. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279-80, 12 P.3d 371, 379-80 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case."). Accordingly, we vacate Castillon's DWOL conviction.

CONCLUSION

The statutory exceptions to the DWOL offense constitute defenses to, and not essential elements of, the DWOL offense. The State presented sufficient evidence at trial to prove the DWOL charge against Castillon. However, because the District Court did not obtain a valid waiver of Castillon's right to testify as required by <u>Tachibana</u>, we vacate the District Court's Judgment and remand the case for a new trial on the DWOL charge.

On the briefs:

Charles M. Cryan
Deputy Public Defender
for Defendant-Appellant.

Dale Yamada Ross
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee.