**IN THE COURT OF APPEALS OF IOWA**

No. 23-1486
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**ZACHARY DAVID YOST,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Eric J.

Nelson, Judge.


        The State appeals the district court's ruling granting a motion to dismiss one

count in a criminal prosecution and denying its motion to amend the trial

information.  **REVERSED AND REMANDED.**


        Brenna Bird, Attorney General, and Timothy Hau (argued), Assistant

Attorney General, for appellant.

        Drew H. Kouris (argued), Council Bluffs, for appellee.


        Heard at oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

Following years of alleged sexual abuse of his minor child, Zachary Yost was charged by trial information with one count of continuous sexual abuse of a child in violation of Iowa Code section 709.23 (2021) (count one), one count of second degree sexual abuse in violation of section 709.3 (2022) (count two), and one count of incest in violation of section 726.2 (count three).

A few days before his trial was set to begin, Yost filed a motion dismiss, arguing that count one violated the ex post facto clauses of the state and federal constitutions. In response, the State filed a motion to amend the trial information. The State's proposed amendment indicated it no longer wished to pursue the continuous sexual abuse count and instead sought to replace it with three lesser included counts of second-degree sexual abuse. Yost filed a resistance to the motion to amend, adding a claim that the State's proposed amendment violated his speedy indictment rights.

Following a combined hearing on the motions, the district court granted Yost's motion to dismiss count one. The district court concluded count one violated the state and federal constitutions' prohibition on ex post facto laws. Additionally, the district court found the State's proposed amendment to the three lesser included counts of second-degree sexual abuse violated Yost's speedy indictment rights.

On appeal, the State contends that the district court erred by (1) finding that the continuous sexual abuse charge constituted a violation of ex post facto; and (2) denying its proposed motion to amend because it concluded the amendment would violate Yost's speedy indictment rights.

After our review of the record, we reverse and remand.

## I. Background Facts and Proceedings

After investigating claims that Yost repeatedly sexually abused his child between February 2014 and April 2022, the investigating officer filed four criminal complaints with the district court. The complaints asserted Yost committed five counts of second-degree sexual abuse (in one complaint), one count of third-degree sexual abuse, one count of continuous sexual abuse, and one count of incest.

The State formally indicted Yost by a three-count trial information on April 25. Count one alleged he committed continuous sexual abuse of a child, which spanned from February 3, 2014, to April 1, 2022. Count two asserted Yost committed second-degree sexual abuse and count three asserted he committed incest. Counts two and three listed the date of the offense as having occurred "on or about" April 14. Yost entered a plea of not guilty and waived his right to a speedy trial.

Trial was initially scheduled for November 8, 2022. However, there was an extensive number of continuances requested and granted as this case wound its way through the district court. Eventually the trial was set for July 17, 2023. However, two business days before trial, Yost filed a motion to dismiss, requesting the district court to dismiss count one. In a later-filed brief supporting his motion, Yost asserted count one violated the federal and state ex post facto clauses because the underlying conduct supporting the charge "may have occurred years before the law in question was enacted." A few days after Yost filed his motion, the State filed a motion to amend the trial information. The State's proposed

amendment sought to replace count one with three lesser included offenses of second-degree sexual abuse. Initially, the district court granted the State's motion to amend. However, the order granting the motion to amend was later rescinded to permit Yost more time to respond.

Yost used the extra time given to him by the district court to file a resistance to the State's motion to amend, in which he alleged the State's proposed amendment violated his speedy indictment rights. The district court held a combined hearing on the motions. The district court granted Yost's motion to dismiss, concluding the continuous sexual abuse count was prohibited by the ex post facto clauses of the state and federal constitutions. Additionally, it denied the State's motion to amend, finding the State's proposed amendment violated Yost's speedy indictment rights.

The State now appeals.

## II. Standard of Review

Our standard of review for constitutional claims is de novo. *Burnett v. Smith*, 990 N.W.2d 289, 293 (Iowa 2023). Our review of the district court's decision to dismiss a charge asserted in the trial information is for correction of errors at law. *State v. Rimmer*, 877 N.W.2d 652, 660 (Iowa 2016). "We review interpretations of the speedy indictment rule for errors at law." *State v. Harris*, 12 N.W.3d 333, 335 (Iowa 2024) (citation omitted).

## III. Analysis

The State makes two separate arguments in this appeal. First, the State contends the district court incorrectly determined count one—an asserted violation of section 709.23—violated constitutional protections against application of ex post

facto laws. Second, the State argues the district court incorrectly determined that its proposed amendment to the trial information violated Yost's speedy indictment rights. Embedded within the speedy indictment argument is an argument by the State that amendment would have been proper under Iowa Rule of Criminal Procedure 2.4. Because we can resolve this case without addressing the alleged ex post facto violation, we leave for another day the resolution of whether the State may prosecute continuous criminal conduct that straddles a criminal statute's enactment date. *Salsbury Lab'ys v. Iowa Dep't of Env't Quality*, 276 N.W.2d 830, 837 (Iowa 1979) ("Avoidance of constitutional issues except when necessary for proper disposition of [a] controversy is a bulwark of American jurisprudence.").

### A. Motion to Amend

We read the State's argument that the district court erred in denying its motion to amend to raise two distinct arguments.[1] First, the State argues the district court erred in finding amendment was not proper under Iowa Rule of Criminal Procedure 2.4.[2] Second, the State argues the district court erred in determining its proposed amendment to the trial information constituted a violation of Yost's speedy indictment rights. We address each of these distinct arguments separately.

---

[1] We recognize there is some question as to whether replacing a greater offense with its lesser-included constituent offenses is really an "amendment" to the trial information in the sense the rules of criminal procedure discuss motions to amend. After all, replacing a greater offense with a lesser-included offense necessarily does not add a "wholly new and different offense." *See* Iowa R. Crim. P. 2.4(6)(c).

[2] We note the district court conducted little analysis on the issue of whether amendment was proper under Iowa Rule of Criminal Procedure 2.4. The district court only stated, "such a speedy indictment violation prejudices the substantial rights of the defendant rendering the imposed amendment to the trial information improper."

*1. Motion to Amend Rule 2.4*

Under our rules of criminal procedure, the State may amend the trial information under a set of narrow circumstances. *State v. Vandermark*, 965 N.W.2d 888, 889 (Iowa 2021). For example, under our rules of criminal procedure, amendment of the trial information is not permitted "if the substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged." Iowa R. Crim. P. 2.4(6)(c). An amendment charges a "wholly new and different offense where the amended charge *both* increased the potential punishment and charged an offense with different or additional elements." *Vandermark*, 965 N.W.2d at 891 (emphasis added).

The State contends its proposal to amend count one to three lesser included offenses of second-degree sexual abuse did not constitute a wholly new and different offense because the underlying sexual abuse acts are statutorily defined as lesser included offenses of continuous sexual abuse. Because, in its view, it was merely extracting the lesser included offenses, the State contends it cannot be found that it was charging a wholly new or different offense. Additionally, the State contends its proposed amendment did not prejudice Yost's substantial rights. We agree.

In *Vandermark*, our supreme court clarified that a "wholly new and different" offense is one with "different or additional elements." *Id.* In that case, the State initially charged a defendant with assault causing bodily injury, a serious misdemeanor. *Id.* at 890. The State subsequently sought to amend to charge the defendant with willful injury causing bodily injury, a class "D" felony. *Id.* In spite of the State's argument to the contrary, the court found the two charges contained

different elements. *Id.* at 892. The court observed that willful injury causing bodily injury required a showing of "intent to cause an injury of great severity," while assault causing bodily injury contained no such element. *Id.* Thus, the court concluded the amendment charged a wholly new and different offense because the State's proposed amended charge contained different elements. *Id.*

However, we believe this case is distinguishable. Unlike *Vandermark*, we have a statute that explicitly tells us that the underlying acts of second-degree sexual abuse are lesser included offenses of the charge of continuous sexual abuse. *See* Iowa Code § 709.23(6) ("Each act of sexual abuse committed under section 709.3 shall be considered a lesser included offense to the crime of continuous sexual abuse of a child under this section.").

And we do not read *Vandermark* to stand for the proposition that the State may never amend to pursue lesser included offenses. We believe this because *Vandermark* cited approvingly *State v. Matautia*—a Hawaii case that suggested amending down to a lesser included was permissible. 912 P.2d 573, 580 (Haw. Ct. App. 1996) ("Because driving without a license is not a lesser included offense of driving while license suspended under any of the three tests, the amended charge against the Defendant an 'additional or different offense' and was thus improper . . . .").

Further, the State's proposed amendment does not add any elements. In fact, it removes just one—that "at least thirty days have elapsed between the first and last act[] of sexual abuse." Iowa Code § 709.23(1). Otherwise, the elements between the offenses are identical. Thus, we are not convinced the State's proposed amendment charges a wholly new or different offense.

Nor can we conclude that Yost would have suffered prejudice as a result of the proposed amendments. The supreme court has previously detailed that a party's substantial rights are violated by a proposed amendment to a trial information "if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *State v. Maghee*, 573 N.W.2d 1, 6 (Iowa 1997). We fail to see how Yost would have suffered undue surprise if the amendment was approved by the district court.

Because Yost was facing a charge of continuing sexual abuse, he was on notice the State had to establish at least three separate acts of sexual abuse. Changing the charge from one count of continuous sexual to three separate counts of second-degree sexual abuse would have brought no undue surprise or a need to change trial strategy. Moreover, Yost would have been in no different position than he would have been had the State simply declined to charge the continuous sexual abuse and instead charge him with three counts of second-degree sexual abuse. Thus, we cannot find his substantial rights were violated because of a lack of notice.

Accordingly, we conclude the amendment should have been permitted under rule 2.4(6)(c). To the extent the district court concluded otherwise, it was in error.

*2. Speedy Indictment*

Iowa's speedy-indictment rule is codified in our rules of criminal procedure. Rule 2.33(2)(a) provides:

> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution be dismissed unless good

cause to the contrary is shown. For purposes of this rule, the 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of the initial appearance is filed.

For purposes of our rules of criminal procedure, the terms "indictment" and "trial information" are treated synonymously. *Harris*, 12 N.W.3d at 334. If the forty-five-day deadline is missed, the district court generally has no choice but to dismiss the prosecution. *Id.*

The State contends the district court incorrectly determined that its motion to amend the original trial information would violate Yost's speedy indictment rights. The State contends the district court's ruling disregarded the law on lesser included offenses. In the State's view, since it properly indicted Yost of continuous sexual abuse within the forty-five-day period, it necessarily also indicted him on the lesser included sexual abuse offenses tethered to that charge. We find the State's argument to be convincing.

In finding that the proposed amendment violated Yost's speedy indictment rights, the district court stated the following:

> On this issue, the Court agrees with the Defendant. When arrested and taken for his initial appearance, the Defendant was informed that the State had filed complaints of five counts of Sexual Abuse in the Second degree, one count of Sexual Abuse in the Third Degree, one count Continuous Sexual Abuse of a Child, and one count of Incest. At that moment, the 45-day speedy indictment period began running with an expiration date of June 2, 2022. The State chose to indict the Defendant only on the Continuous Sexual Abuse, one count of Sexual Abuse in the Second Degree, and Incest. The Defendant was never indicted on the remaining charges of Sexual Abuse in the Second Degree and Third Degree from the criminal complaints. Allowing the State to indict the Defendant well over a year after the indictment period concluded.

But the problem with the district court's reasoning is that it ignores well-settled law regarding indictments and lesser included offenses. As the State correctly points out, our rules of criminal procedure do not permit lesser included offenses to be charged in a trial information. *See* Iowa R. Crim. P. 2.6(1) (2022) ("Where a public offense carries with it certain lesser included offenses, the latter should not be charged, and it is sufficient to charge that the accused committed the major offense.").

Additionally, our supreme court has reiterated that lesser included offenses are necessarily baked into a charge of the greater offense. *See State v. Neiderbach*, 837 N.W.2d 180, 193 (Iowa 2013) ("[T]he five lesser included offenses alleged in counts two through six should not have been charged because 'it [was] sufficient to charge that the accused committed the major offense.'" (second alteration in original) (citation omitted)). In other words, to borrow from one of our sister jurisdictions, "[l]esser included offenses need not be separately charged in an indictment, because when an indictment charges a greater offense, it 'necessarily and simultaneously charges the defendant with lesser included offenses as well.'" *State v. Jones*, No. 25031, 2010 WL 4243192, at *4 (Ohio Ct. App. Oct. 27, 2010) (citation omitted).

Here, the State indicted Yost with one count of continuous sexual abuse within the forty-five-day period. Therefore, it also necessarily indicted him on the three acts of second-degree sexual abuse contained in that charge within the forty-five-day period. *See* Iowa Code § 709.23(6) (providing each act of sexual abuse

committed under section 709.3 shall be considered lesser included offenses to the crime of continuous sexual abuse).[3]

Because the State timely indicted Yost on one count of continuous sexual abuse, it necessarily timely indicted him on the lesser included offenses—to include the three second-degree sexual abuse offenses. Consequently, the proposed amendment did not present a speedy indictment violation. The district court erred in finding otherwise. Because the amendment was proper, the three second-degree sexual abuse offenses should have been allowed to proceed to a jury trial.

**IV. Conclusion**

In sum, we reverse the district court's ruling granting Yost's motion to dismiss count. Instead, the district court should have granted the State's motion to amend, which was proper and remedied ex post facto concerns.

**REVERSED AND REMANDED.**

---

[3] We can think of other situations where the State would be able to proceed on one or more of the individual sexual abuse counts at trial, such as if the State only generated a fact question on two of the three instances of sexual abuse that comprise the greater offense of continuous sexual abuse—if the State could prove two but not three instances of sexual abuse—we think the General Assembly intended the jury to consider the two counts rather than the defendant to escape punishment.