*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-16-0000421
16-MAY-2019
03:00 PM

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

MICHELLE HELEN CASTILLON,
Petitioner/Defendant-Appellant.

_____

SCWC-16-0000421

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000421; CASE NO. 3DTC-15-042273)

May 16, 2019

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY WILSON, J.

## I.    Introduction

Petitioner/Defendant-Appellant Michelle Helen Castillon ("Castillon") seeks review of the May 31, 2017 opinion of the Intermediate Court of Appeals ("ICA").  State v. Castillon, 140 Hawai'i 242, 398 P.3d 831 (App. 2017).  She

contends that Respondent/Plaintiff-Appellee State of Hawaiʻi ("State") bore the burden to prove, pursuant to Hawaiʻi Revised Statutes ("HRS") § 286-102(a) (2007),[1] that she did not possess a valid driver's license issued by Canada or a valid commercial driver's license issued by Canada or Mexico, which would have exempted her from the requirement to operate a motor vehicle with a valid Hawaiʻi driver's license.  Inasmuch as Castillon bore the initial burden to produce "some evidence" to support an exemption, and she failed to do so, the burden never shifted to the State to prove beyond a reasonable doubt that Castillon did not have a driver's license that qualified as an exemption.

## II.  Background

Castillon was stopped by Officer Aron Tomota ("Officer Tomota") for driving with expired safety and registration tags on November 19, 2015.  When he asked for her State of Hawaiʻi driver's license, Castillon was not able to provide one. Officer Tomota issued a citation to Castillon for driving a

_____

[1]    At the time of the offense, HRS § 286-102(a) provided:

> No person, except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who holds a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

motor vehicle with a revoked license under HRS § 286-132 (2007).

The citation was later amended to driving without a license

("DWOL") under HRS § 286-102(b) (Supp. 2012).[2]

**A.    District Court Proceedings**

At trial, the District Court of the Third Circuit

("district court") rejected Castillon's argument that she was

entitled to a judgment of acquittal because the State failed to

prove that she did not possess a valid driver's license issued

by Canada or Mexico.[3]

The State offered testimony in its case-in-chief that

established Castillon did not have a valid Hawai'i driver's

license.  Officer Tomota testified that when he stopped

Castillon, he called dispatch to verify whether she had a

---

[2]    At the time, HRS § 286-102(b) stated:

   A person operating the following category or
   combination of categories of motor vehicles shall be
   examined as provided in section 286-108 and duly licensed
   by the examiner of drivers:
   (1)    Mopeds;
   (2)    Motorcycles and motor scooters;
   (3)    Passenger cars of any gross vehicle weight
          rating, buses designed to transport fifteen or
          fewer occupants, and trucks and vans having a
          gross vehicle weight rating of eighteen
          thousand pounds or less; and
   (4)    All of the motor vehicles in category (3) and
          any vehicle that is not a commercial motor
          vehicle.
   A school bus or van operator shall be properly
   licensed to operate the category of vehicles that the
   operator operates as a school bus or van and shall comply
   with the standards of the department of transportation as
   provided by rules adopted pursuant to section 286-181.

[3]    The Honorable Margaret K. Masunaga presided.

license.  Dispatch responded that Castillon's license had been revoked.  At trial, the supervising driver's license examiner for the County of Hawai'i ("Examiner") also testified that Castillon's State of Hawai'i driver's license had been revoked prior to November 19, 2015.  The Examiner testified that the State's database precluded her from conducting research regarding Castillon's licensure in Canada.  She did not address whether she was precluded from investigating Castillon's licensure in Mexico.

Castillon did not introduce evidence that she possessed a valid driver's license in Canada or Mexico.  Rather, she argued the State bore the burden to prove that she did not possess a valid driver's license in Canada or Mexico and noted that, while HRS § 286-102(a) requires all persons in the State of Hawai'i to be "appropriately examined and duly licensed as a qualified driver" before operating a motor vehicle, certain persons described under HRS § 286-105 (2007)[4] are exempted from

---

[4]     Under HRS § 286-105(3) and (4), the following persons are exempted from the licensing requirements under HRS § 286-102:

> (3)     Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b), except section 286-102(b)(4), that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States, the Commonwealth of Puerto Rico, United States Virgin Islands, American Samoa, Guam, a province of the Dominion of Canada, or the Commonwealth of the Northern Mariana

(continued . . .)

this requirement, including those who possess a valid driver's license issued by "a province of the Dominion of Canada" and those with a valid commercial driver's license issued by "Mexico, or a province of the Dominion of Canada[.]" HRS § 286-105(3) and (4). Thus, she claimed, the State bore the burden to prove that she did not possess a valid driver's license in Canada or Mexico.

Based on the evidence presented at trial, the district court determined that the State proved beyond a reasonable doubt that Castillon violated HRS § 286-102(b) by operating a motor vehicle without a valid driver's license. Her sentence to pay $187.00 in fees and fines was stayed pending this appeal. Castillon filed an amended motion for reconsideration of judgment and post-trial motion for judgment of acquittal, asserting the same arguments. The district court denied the motions.

---

(. . . continued)

> Islands for that category of motor vehicle which the person is operating;
> (4) Any person who has in the person's possession a valid commercial motor vehicle driver's license issued by any state of the United States, Mexico, or a province of the Dominion of Canada that issues licenses in accordance with the minimum federal standards for the issuance of commercial motor vehicle driver's licenses[.]

B.    ICA Proceedings

Before the ICA, Castillon more specifically argued that the State failed to meet its burden to prove every element of the offense beyond a reasonable doubt.  Castillon noted that she was charged under HRS § 286-102 which provided, in relevant part, that "[n]o person, except one exempted under section 286-105, . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles."  (Emphasis added.)  Included in the exemptions listed under HRS § 286-105(3) and (4) are any persons that possess a valid driver's license issued by Canada or a valid commercial driver's license issued by Canada or Mexico.[5]  Thus, Castillon argued, the State was required to prove three elements at trial: (1) on November 19, 2015, Castillon operated a category of motor vehicle listed under HRS § 286-102; (2) on November 19, 2015, she was not examined and licensed to drive that category of motor vehicle; and (3) on November 19, 2015, she was not exempted by statute from the driver's license requirements.  Castillon emphasized that no evidence was introduced at trial that she did not possess a driver's license issued by Canada or Mexico.  Therefore, she claimed, her conviction was not

_____

[5]    See supra note 4.

6

supported by substantial evidence because the State failed to prove an essential element of the offense.

In response to Castillon, the State argued that the defendant bears the initial burden of producing "some evidence" supporting this defense before the burden shifts to the State to disprove it. The State alleged the exemptions listed under HRS § 286-105 are defenses because the exemptions are not included in the section of the statute describing the prohibited act--HRS § 286-102 (i.e. operating a motor vehicle without a valid driver's license). Noting that Castillon failed to introduce any evidence that she had a driver's license from Canada or Mexico at the time she received the citation, the State claimed that Castillon failed to meet her burden of production and the burden never shifted to the State.

The ICA agreed with the State.[6] Castillon, 140 Hawai'i at 247, 398 P.3d at 836. In its published opinion, the ICA applied the enacting clause test outlined in State v. Nobriga, 10 Haw. App. 353, 357-58, 873 P.2d 110, 112-13 (1994), overruled on other grounds by State v. Maelega, 80 Hawai'i 172, 178-79, 907 P.2d 758, 764-65 (1995). An enacting clause is "the prohibitory declaration of the statute which contains the general or

_____

[6] However, the ICA vacated Castillon's conviction on other grounds and remanded for a new trial. Castillon, 140 Hawai'i at 247-48, 398 P.3d at 836-37.

7

preliminary description of the acts prohibited; i.e., the clause which proscribes the offensive deed." Castillon, 140 Hawai'i at 246 n.2, 398 P.3d at 835 n.2 (quoting Nobriga, 10 Haw. App. at 357 n.1, 873 P.2d at 112 n.1). Under the enacting clause test, where an exemption to an offense is embodied in the enacting clause of the statute defining the offense, the prosecution bears the burden of proof. Id. at 245, 398 P.3d at 834. Where the exemption is described in a separate provision from the enacting clause, the initial burden of production is on the defense:

> The general and well-settled common law rule is that where an exception is embodied in the language of the enacting clause of a criminal statute, and therefore appears to be an integral part of the verbal description of the offense, the burden is on the prosecution to negative that exception, prima facie, as part of its main case.
>
> . . . [W]hen the exception appears somewhere other than in the enacting clause, and is thus a distinct substantive exception or proviso, the burden is on the defendant to bring forward evidence of exceptive facts that constitute a defense. The prosecutor is not required in such instances to negative, by proof in advance, exceptions not found in the enacting clause.

Id. at 245-46, 398 P.3d at 834-35 (emphasis and citations omitted) (quoting Nobriga, 10 Haw. App. at 357-58, 873 P.2d at 112-13). Applying the enacting clause test, the ICA explained that HRS § 286-102(a) is the enacting clause of the DWOL offense because it describes the prohibited act of driving without a license. See id. at 246-47, 398 P.3d at 835-36. The ICA determined that the HRS § 286-105 exemptions are described in a

separate provision and, therefore, not embodied within the enacting clause of the DWOL offense.  Id. at 247, 398 P.3d at 836.

To support its interpretation, the ICA discussed State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).  Id. at 246-47, 398 P.3d at 835-36.  The Lee court applied the enacting clause test to a statute prohibiting operating a motor vehicle without no-fault insurance, HRS § 431:10C-104(a) (1993 & Supp. 1996).  Id. at 246, 398 P.3d at 835.  HRS § 431:10C-104(a) is the enacting clause of the offense because it describes the prohibited act of operating a motor vehicle without no-fault insurance.  The enacting clause refers to a separate statute, HRS § 431:10C-105 (1993), which lists exceptions to the offense.  HRS § 431:10C-104(a).  The enacting clause states, "Except as provided in section 431:10C-105 [(the section pertaining to self-insurance)], no person shall operate or use a motor vehicle upon any public street, road, or highway of [this] State at any time unless such motor vehicle is insured at all times under a no-fault policy."[7]  Castillon, 140 Hawai'i at 246, 398 P.3d at 835 (first brackets in original) (quoting Lee, 90 Hawai'i at 132 n.1,

_____

[7]  The exceptions described in HRS § 431:10C-105 provide that the no-fault motor vehicle insurance required under the enacting clause, HRS § 431:10C-104(a), is inapplicable if either the driver of the motor vehicle or the vehicle itself are self-insured.  Lee, 90 Hawai'i at 136, 976 P.2d at 450.

976 P.2d at 446 n.1). The Lee court held that the HRS § 431:10C-105 exceptions to the offense of driving without no-fault insurance are only referenced, but not described, in the enacting clause. Id. As such, the HRS § 431:10C-105 exceptions constitute defenses to the offense of driving without no-fault insurance, for which the defendant bears the initial burden of production; the exceptions are not elements of the offense, for which the State bears the burden of proof. Id.

The ICA found the enacting clause for driving without a license--HRS § 286-102(a)--to be similar to the enacting clause at issue in Lee. Id. HRS § 286-102(a) references a separate section of the statute containing exemptions to the offense, HRS § 286-105, but does not define the exemptions. Id. HRS § 286-102(a) states in pertinent part: "No person, except one exempted under section 286-105, . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles." (Emphasis added.) Similar to the exceptions in Lee, the ICA concluded the HRS § 286-105 exemptions are not embodied within the enacting clause of the offense--HRS § 286-102(a); thus, the exemptions are not "an integral part of the . . . description of the offense[.]" Castillon, 140 Hawai'i at 245-46, 398 P.3d at 834-35 (quoting Nobriga, 10 Haw. App. at 357, 873 P.2d at 113). As provisions

10

defined separately from the enacting clause, the ICA held the HRS § 286-105 exemptions to be defenses to the DWOL offense. Id. at 247, 398 P.3d at 836. As defenses, the ICA concluded, Castillon bore the burden to produce evidence that she possessed a valid driver's license in Canada or a valid commercial driver's license in Canada or Mexico before the burden shifted to the State to prove beyond a reasonable doubt that she did not have a driver's license that qualified as an exemption. Id. Because Castillon failed to introduce any evidence that she possessed a driver's license in Canada or Mexico, the ICA held, the burden never shifted to the State. Id.

The ICA further noted that notwithstanding the enacting clause test, exemptions are always a defense, and not an essential element of the offense, "when the facts or evidence concerning the [exemption] are 'peculiarly within the knowledge of the defendant' or 'within the defendant's private control[.]'" Id. at 246, 398 P.3d at 835 (quoting Nobriga, 10 Haw. App. at 358, 873 P.2d at 113). Thus, in accordance with Lee, "the statutory [exemptions] referred to in HRS § 286-102(a) are not elements of the DWOL offense, but constitute defenses to the offense." Id. at 247, 398 P.3d at 836. The ICA concluded that Castillon bore the burden of introducing evidence that she possessed a driver's license issued by Canada or Mexico, in

11

part, because she inherently has knowledge or control of such evidence.  Id. at 246, 398 P.3d at 835.

### III. Standard of Review

### A.   Statutory Interpretation

"Statutory interpretation is a question of law reviewable de novo."  Panado v. Bd. of Trs., Emps.' Ret. Sys., 134 Hawai'i 1, 10, 332 P.3d 144, 153 (2014) (quoting First Ins. Co. of Hawaii v. A & B Props., 126 Hawai'i 406, 414, 271 P.3d 1165, 1173 (2012)).  In reviewing questions of statutory interpretation, we are guided by the following principles:

> First, the fundamental starting point for statutory-interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

Id. at 10-11, 332 P.3d at 153-54 (quoting First Ins. Co. of Hawaii, 126 Hawai'i at 414, 271 P.3d at 1173).

### IV.  Discussion

We concur with the ICA's analysis in all respects but one.  The ICA quoted Nobriga for the proposition that an exemption always constitutes a defense "when the facts or evidence concerning the [exemption] are 'peculiarly within the knowledge of the defendant' or 'within the defendant's private

12

control[.]'" Castillon, 140 Hawai'i at 246, 398 P.3d at 835 (quoting Nobriga, 10 Haw. App. at 358, 873 P.2d at 113). The statement in Nobriga derives from the thirteenth edition of Wharton's Criminal Evidence, a supplement published over forty years ago that has since been updated to clarify the principle. Compare 1 Wharton's Criminal Evidence § 20, at 33-35 (C. Torcia 13th ed. 1972) (stating that a statutory exception found in the enacting clause is per se a defense when the facts supporting the defense are within the defendant's knowledge or private control), with 1 Wharton's Criminal Evidence § 2:9, at 59 (C. Torcia 15th ed. 1997) (explaining that if a defendant asserts an affirmative defense, the burden of producing evidence to support the defense first rests on the defendant because it is "fair and makes sense, primarily because the facts in support of such a defense would be peculiarly within the knowledge of the accused"). This court has occasionally applied the rule that an exemption is a defense if the facts or evidence of the defense are peculiarly within the knowledge of the defendant or in the defendant's private control.[8] Nonetheless, it is unclear why the practice of citing the rule has persisted, as the statute

---

[8] See, e.g., State v. Jenkins, 93 Hawai'i 87, 107, 997 P.2d 13, 33 (2000) ("Inasmuch as the question whether Jenkins did or did not possess a hunting license poses a fact 'peculiarly within [Jenkins's] knowledge,' the general rule, which ordinarily would require the prosecution to establish that fact as part of its case-in-chief, would be inoperative.").

describing what constitutes a defense does not impose such a requirement. A defense is defined as "a fact or set of facts which negatives penal liability[,]" irrespective of whether the facts are within the defendant's knowledge or private control. HRS § 701-115(a) (2014). As stated in Nobriga and Lee, unless "some evidence"[9] supporting the defense has been adduced, the State has no burden to disprove the defense. Here, if Castillon had introduced "some evidence" that she possessed a valid driver's license in Canada or a valid commercial driver's license in Canada or Mexico, the burden would shift to the State to introduce evidence disproving her defense.

Therefore, we concur with the ICA's conclusion that the exemptions referenced in HRS § 286-102(a) and described in HRS § 286-105 are defenses to the offense of DWOL, for which Castillon bore the initial burden of production. We make this determination irrespective of whether Castillon had knowledge or private control over facts establishing that she had a valid driver's license in Canada or Mexico. Because she did not produce "some evidence" that she possessed a valid driver's license that would qualify her for exemption, as set forth in

_____

[9] "Some evidence" is "such evidence [that] would support the consideration of that issue by the jury, no matter how weak, inconclusive, or unsatisfactory the evidence may be." Maelega, 80 Hawai'i at 178-79, 907 P.2d at 764-65 (emphasis omitted) (quoting State v. Pinero, 75 Haw. 282, 304, 859 P.2d 1369, 1379 (1993)); see also Lee, 90 Hawai'i at 137 n.6, 976 P.2d at 451 n.6.

14

HRS § 286-105, the burden did not shift to the State.  We affirm the ICA's judgment but for the reasons stated in this opinion and remand to the district court for further proceedings.

| | |
|---|---|
| John M. Tonaki, Audrey L. Stanley for Petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Mitchell D. Roth, David Blancett-Maddock for Respondents | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

