**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000594
30-OCT-2020
08:16 AM
Dkt. 45 AMMO**

NO. CAAP-19-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
NOGUCHI MILNE, Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CR. NO. 1FFC-19-0000573)


AMENDED MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from an "Order Granting Defendant's Oral Motion to Dismiss Count II without Prejudice" (**Dismissal Order**) entered on July 26, 2019, by the Family Court of the First Circuit (**Family Court**).[1]

In this case, the State filed a Complaint against Defendant-Appellee Noguchi Milne (**Milne**), charging him with two counts: Abuse of Family or Household Members with respect to Complaining Witness #1 (**CW1**), in violation of Hawaii Revised Statutes (**HRS**) § 709-906(1) and (5)[2] (**Count 1**); and Assault in

---

[1] The Honorable Kevin A. Souza presided.

[2] HRS § 709-906 (2014) provides, in relevant part:

    (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the

(continued...)

the Third Degree with respect to Complaining Witness #2 (**CW2**), in violation of HRS § 707-712(1)(a)[3] (**Count 2**).  Both charges are based on alleged conduct occurring on the same date.

On appeal, the State contends that the Family Court erred by dismissing Count 2 on the basis that it lacked subject matter jurisdiction over Count 2.

We hold the Family Court has jurisdiction with regard to Count 2, and therefore, we vacate the Dismissal Order and remand for further proceedings.

## I. Background

On July 22, 2019, at a trial call for this case, the State requested a continuance because CW1 and CW2 failed to appear despite being served with subpoenas.  The Family Court granted a continuance over Milne's objection.  Milne then orally moved to dismiss Count 2 for lack of subject matter jurisdiction. Milne asserted that CW2 was the father of CW1, CW1 is Milne's girlfriend, and that CW2 and Milne did not live or reside in the same household.

When asked by the Family Court its basis for subject matter jurisdiction over Count 2, the State requested a written motion so that it could respond in writing and also so that it could have the input of the Deputy Prosecuting Attorney who charged the case as to why Count 2 was included.  Instead, the Family Court asked the State to review HRS § 571-14.  HRS Chapter

---

[2](...continued)
            lawful order of a police officer under subsection (4).
            The police, in investigating any complaint of abuse of
            a family or household member, upon request, may
            transport the abused person to a hospital or safe
            shelter.

        . . . .

            (5) Abuse of a family or household member and
            refusal to comply with the lawful order of a police
            officer under subsection (4) are misdemeanors[.]

[3]  HRS § 707-712(1)(a) (2014) provides, in part: "(1) A person commits the offense of assault in the third degree if the person: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]"

571 addresses Family Courts, and HRS § 571-14(b), provides:

> **HRS § 571-14 Jurisdiction; adults**.
>
> . . .
>
> (b) The court <u>shall</u> have <u>concurrent jurisdiction</u> with the district court over violations of sections <u>707-712</u>, 707-717, 707-722, 708-822, 708-823, 710-1010.5, 711-1106, and 711-1106.5 <u>when multiple offenses are charged through complaint or indictment and at least one offense is</u> a violation of an order issued pursuant to chapter 586 or <u>a violation of section 709-906</u>.

HRS § 571-14(b) (2014) (emphases added).[4]

In addressing the Family Court's request to review HRS § 571-14, the State asserted:[5]

> And, your honor, under section (9)(b) the -- the court would have concurrent jurisdiction over the Assault Third given the -- it'd be one of the offenses in this case would be under the jurisdiction of Family Court, which would be the Count 1.

In turn, Milne's counsel responded:

> . . . my response to that is that under subsection (9)(b) is that that's if it was as to pertaining to the same complaining witness.  However, in this matter the two different counts are represented by offenses, again [sic] two different complaining witnesses.  Therefore the court does not have jurisdiction over Count 2 relating to the second complaining witness.

The Family Court asked Milne's counsel "where do you get the limiting language that it has to relate to the same complaining witness?"  Milne's counsel answered that "there is no limiting language but that is the defense's argument."  The State asserted that HRS § 571-14(b) contains no language that limits the statute's provisions to the same CW.

The Family Court then orally ruled as follows:

> The court reads 571-14 as permissive and not mandatory as to subsection (b), and because the complaining witness in Count 2 is not a family or household member to Mr. Milne, the court is, based on the representations of counsel, going to be dismissing

---

[4]  As noted above, Milne was charged with violating HRS § 707-712 (Assault in the Third Degree) as to CW2 and charged with violating HRS § 709-906 (Abuse of Family or Household Members) as to CW1.

[5]  In the transcript of the proceeding, the Family Court and both counsel referred to "subsection 9(b)," but it appears that they all were referencing HRS § 571-14(b).

> Count 2 without prejudice and the State would be free to refile Count 2 in District Court as to that complaining witness.

Subsequently, on July 26, 2019, the Family Court entered the written Dismissal Order which contains no findings and states in relevant part:

> After consideration of the arguments of counsels, this Court granted the Defendant's oral motion to dismiss Count II <u>for lack of Subject Matter Jurisdiction</u>, and it is further ordered that Count II be dismissed without prejudice.
>
> IT IS HEREBY ORDERED that the Defendant's Oral Motion to dismiss Count II is GRANTED.  Furthermore, Count II is dismissed without prejudice for lack of Subject Matter Jurisdiction.

(Emphasis added).

## II. Interpretation of HRS § 571-14(b)

"Statutory interpretation is a question of law reviewable de novo."  <u>State v. Castillon</u>, 144 Hawaiʻi 406, 411, 443 P.3d 98, 103 (2019) (citing <u>Panado v. Bd. of Trs., Emps.' Ret. Sys.</u>, 134 Hawaiʻi 1, 10, 332 P.3d 144, 153 (2014)).[6]  In reviewing questions of statutory interpretation, we are guided by the following principles:

> First, the fundamental starting point for statutory-interpretation is the language of the statute itself.  Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.  Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or

---

[6] Milne asserts the Family Court's decision to decline jurisdiction should be reviewed for an abuse of discretion, relying on <u>NB v. GA</u>, 133 Hawaiʻi 436, 444, 329 P.3d 341, 349 (App. 2014).  However, Milne's reliance on <u>NB</u> is misplaced as <u>NB</u> did not address the issue of concurrent jurisdiction.  In <u>NB</u>, this court vacated the Family Court's decision to decline jurisdiction based on its lack of findings on statutory factors that made Hawaii an "inconvenient forum" pursuant to HRS § 583A-207, which provides, in part: "A court of this State which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum."  HRS § 583A-207(a) (2006).
Here, the Family Court's written order states that it <u>lacks</u> subject matter jurisdiction.  This is a question of law.

> uncertainty of an expression used in a statute, an
> ambiguity exists.

Id. (quoting Panado, 134 Hawaiʻi at 10-11, 332 P.3d at 153-54).

It appears that Milne now concedes on appeal that the Family Court had concurrent subject matter jurisdiction over Count 2 as long as Count 1 was pending.[7]  We conclude this concession is proper.  Here, under the plain language of HRS § 571-14(b), the Family Court has concurrent jurisdiction with the district court over violations of specified offenses, including HRS § 707-712 (Assault in the Third Degree), when multiple offenses are charged in a complaint or an indictment and at least one offense is, *inter alia*, a violation of HRS § 709-906 (Abuse of Family or Household Members).  The Complaint in this case meets the requirements for concurrent jurisdiction under HRS § 571-14(b).

Even assuming there is an ambiguity as to whether HRS § 571-14(b) limits charges of multiple offenses to the same complaining witness, as Milne argued below, the legislative history reflects otherwise.

> When there is ambiguity in a statute, "the meaning of
> the ambiguous words may be sought by examining the
> context, with which the ambiguous words, phrases, and
> sentences may be compared, in order to ascertain their
> true meaning."  Moreover, the courts may resort to
> extrinsic aids in determining legislative intent, such
> as legislative history, or the reason and spirit of
> the law.

Castro v. Melchor, 142 Hawaiʻi 1, 24, 414 P.3d 53, 76 (2018) (citation omitted).

Subsection (b) to HRS § 571-14 was added in 1998 by way of Act 64.  Relevant legislative history for S.B. No. 2697, which became Act 64, provides:

> The purpose of this bill . . . is to modify the
> jurisdiction of the family, district and circuit
> courts to rectify jurisdictional conflicts resulting
> from criminal and other related activities involving
> children, parents, spouses, and other family members.

---

[7]  Milne's answering brief incorrectly refers to himself as the "Appellant."  Moreover, the answering brief does not accurately cite or quote HRS § 571-14 in several instances.

> Your Committee finds that there is a great need for concurrent jurisdiction to streamline the judicial process in family related cases which are assigned to separate courts due to the nature of the offense.  For example, if a person assaults **another individual** while violating a family court restraining order, under current law the the [sic] two violations of law would be heard in separate courts.  Your Committee further finds that concurrent jurisdiction will make the judicial process in these instances more efficient and effective.  However, your Committee finds that the provisions of this bill, as submitted, are too broad to provide adequate direction as to which court would have jurisdiction in the types of cases which are often assigned to both family court and district or circuit court.

Sen. Stand. Comm. Rep. No. 2649, in 1998 Senate Journal, at 1071 (emphasis added).[8]  This legislative history shows that the Legislature intended to provide for concurrent jurisdiction under Act 64, even when the multiple charged offenses involve different complaining witnesses.

Thus, the Family Court erred in its Dismissal Order by dismissing Count 2 for lack of subject matter jurisdiction.

### III.  The Family Court Did Not Exercise Discretion

Milne's main contentions on appeal are based on what the Family Court stated orally, that the court "reads [HRS §] 571-14 as permissive and not mandatory as to subsection (b)." Notwithstanding that the Family Court's written Dismissal Order states that it dismissed Count 2 for "lack of Subject Matter Jurisdiction," Milne argues the Family Court "did not abuse its

---

[8]  Another committee report for S.B. No. 2697 states, in relevant part:

> Your Committee finds that one incident can give rise to several different charges.  Some of these charges, like a violation of a family court restraining order or misdemeanor abuse of family and household member, fall under the jurisdiction of the family court, while others may fall under the jurisdiction of the circuit or district courts.  Current law prevents the State from bringing all the related charges at one time before one court.

> This bill addresses that problem by giving the circuit, district, and family courts concurrent jurisdictions over certain offenses[.]

House Stand. Comm. Rep. No. 1055-98, in 1998 House Journal, at 1482. Ultimately, Act 64 provided for concurrent jurisdiction over the specified offenses in the family court and district court (but not the circuit court).

discretion when it declined to exercise its concurrent jurisdiction over Count 2 because based on the State's representations, it was uncertain whether the State would have been able to proceed in both counts at the next trial call, and [the] State failed to show that except for different complainants, the evidence in both counts was the same."  Milne makes speculative arguments as to why the Family Court allegedly decided not to exercise its concurrent jurisdiction, based on Milne's assertion of different scenarios that could occur and purported inferences that have no basis in the record.  In short, notwithstanding the oral statements of the Family Court, the written Dismissal Order filed thereafter is based on a <u>lack</u> of subject matter jurisdiction.

Given the record in this case, we need not address whether the Family Court has discretion to decline its concurrent jurisdiction.  Even if the Family Court had such discretion, there were no proper findings or explanation by the Family Court on that issue.[9]

---

[9] The notice of appeal was filed on August 23, 2019.  On November 22, 2019, the Family Court filed "Findings of Fact and Conclusions of Law" (**11/22/19 FOF/COL**) related, in part, to the Dismissal Order.  Here, where an adult is charged with a crime, the Hawaiʻi Rules of Penal Procedure (**HRPP**) govern.  <u>See</u> <u>State v. Gonsales</u>, 91 Hawaiʻi 446, 449, 984 P.2d 1272, 1275 (1999); Hawaiʻi Family Court Rules (**HFCR**) Rule 81(c) ("Cases for adults charged with the commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawaiʻi Rules of Penal Procedure.").  HRPP Rule 23(c) provides for a court to make findings "[i]n a case tried without a jury" and if requested, to make special findings "at any time prior to sentence."  HRPP Rule 23(c) does not apply here to authorize the 11/22/19 FOF/COL pertaining to the Dismissal Order.  In short, the Family Court did not have jurisdiction to enter the 11/22/19 FOF/COL related to the Dismissal Order.

None of the appellate briefs in this appeal, all filed after the 11/22/19 FOF/COL was entered below, make any reference to the 11/22/19 FOF/COL.  Even if we were to consider the findings therein related to the Dismissal Order, the Family Court stated in relevant part:

> [b]ecause Family Court is a Court of limited jurisdiction, and because the Defendant and Complaining Witness in Count II are not family or household members, the Court granted Defendant's Oral Motion to Sever and Dismiss Count II without prejudice.  The Court informed the State that they may refile the matter in District Court.

(continued...)

## IV.  Conclusion

Based on the foregoing, the "Order Granting Defendant's Oral Motion to Dismiss Count II without Prejudice" entered on July 26, 2019, by the Family Court of the First Circuit, is vacated.  This case is remanded to the Family Court for further proceedings.

DATED:  Honolulu, Hawaiʻi, October 30, 2020.


On the briefs:                      /s/ Lisa M. Ginoza
                                    Chief Judge

Chad M. Kumagai,
Deputy Prosecuting Attorney,        /s/ Katherine G. Leonard
for Plaintiff-Appellant.            Associate Judge


William H. Jameson, Jr.,            /s/ Clyde J. Wadsworth
Deputy Public Defender,             Associate Judge
for Defendant-Appellee.

---

[9](...continued)
Thus, similar to the Dismissal Order, this indicates the Family Court dismissed Count II based on a determination that it lacked subject matter jurisdiction.