**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000533
08-NOV-2021
07:52 AM
Dkt. 116 SO**

NO. CAAP-20-0000533

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
GABRIEL ALISNA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1PC131001861)

## SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Gabriel **Alisna** appeals from the **"Judgment** of Conviction and Sentence" entered by the Circuit Court of the First Circuit on July 30, 2020.[1]  For the reasons explained below, we affirm the Judgment.

On December 18, 2013, Alisna was indicted by the Oʻahu grand jury on five counts of Violation of Privacy in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 711-1110.9.[2]  The indictment charged, in relevant part:

> COUNT 1:  On or about January 1, 2013, to and including February 16, 2013, in the City and County of Honolulu, State of Hawaii, GABRIEL ALISNA, did intentionally or knowingly install or use, or both, in any private place,

---

[1]     The Honorable Karen T. Nakasone entered the Judgment but the Honorable Rom A. Trader presided over Alisna's trial.

[2]     Alisna was also indicted on two counts of Sexual Assault in the Fourth Degree in violation of HRS § 707-733(l)(a).  Those counts were severed for a separate trial, and were ultimately dismissed without prejudice on May 12, 2020.

without consent of the person or persons to wit, [complaining witness], entitled to privacy therein, any device for observing, recording, amplifying, and/or broadcasting another person in a stage of undress or sexual activity in that place, thereby committing the offense of Violation of Privacy in the First Degree, in violation of Section 711-1110.9 of the Hawaii Revised Statutes.

Counts 2-5 were substantially identical to Count 1, except for the names of the complaining witnesses and the dates of the alleged offenses.

When Alisna was indicted HRS § 711-1110.9 (Supp. 2012) provided, in relevant part:

> **§ 711-1110.9  Violation of privacy in the first degree.**  (1) A person commits the offense of violation of privacy in the first degree if, ***except in the execution of a public duty or as authorized by law***, the person intentionally or knowingly installs or uses, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place.

(Emphasis added.)[3]

Alisna worked as a teacher for Kamehameha Schools.  He lived in faculty housing on the Kapālama Campus.  Alisna filed a pretrial motion to suppress evidence.  He argued that Kamehameha Schools employees entered his residence without his permission, removed his property (a mini-spy camera with a memory card), and provided it to the Honolulu Police Department (**HPD**) as evidence in his criminal case.  The trial court denied the motion to suppress.

Jury-waived trial began on October 1, 2018.  The State introduced evidence that Alisna video recorded three minors, without their permission, while the minors were showering nude in Alisna's residence.  The State rested.

Alisna rested without calling any witnesses.  He then filed a motion to dismiss.  He argued that Counts 1-5 failed to allege all elements of the offense because there was no

---

[3]     The State's answering brief quotes the current version of the statute rather than the version in effect at the time of the alleged offense.

allegation that he was <u>not</u> acting "in the execution of a public duty or as authorized by law[.]"

Alisna also made an oral motion for a judgment of acquittal. He argued that the State failed to prove that he was not acting "in the execution of a public duty or as authorized by law[.]"

The trial court denied both of Alisna's motions by order entered on November 6, 2018. The trial court ruled:

> the exception that's embodied in 711-1110.9 constitutes a defense and not an element of the offense and, therefore, that is pivotal to the Court's ruling on both of these motions, because if it is an element, it's required to be alleged, it's required to be proven or disproved.
>
> If it's a defense, then it's not required to be alleged, and it's not required for the State to produce evidence of that in its case in chief.

The Judgment was entered on July 30, 2020. Alisna was found guilty as charged on Counts 1-5. He was sentenced to five years in prison on each count, to run concurrently. This appeal followed.

Alisna contends: **(1)** the trial court erroneously denied his motion to suppress evidence; **(2)** the trial court erroneously denied his motion to dismiss counts 1-5 of the indictment; and **(3)** the trial court erroneously denied his motion for judgment of acquittal.

### 1. The trial court did not err by denying the motion to suppress evidence.

Alisna argues that his mini-spy camera and memory card should have been suppressed as evidence because Kamehameha Schools employees entered his on-campus apartment and removed those items without his permission, in violation of his right to be secure against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and article I, section 7 of the Hawaiʻi Constitution.

> [T]he proponent of a motion to suppress has the burden of establishing not only that the evidence sought to be

> excluded was unlawfully secured, but also, that [their] own Fourth Amendment rights were violated by the search and seizure sought to be challenged. The proponent of the motion to suppress must satisfy this burden of proof by a preponderance of the evidence.

State v. Lawson, 103 Hawaiʻi 11, 19, 78 P.3d 1159, 1167 (App. 2003) (quoting State v. Anderson, 84 Hawaiʻi 462, 467, 935 P.2d 1007, 1012 (1997)).

The purpose of the constitutional right to be secure against unreasonable searches and seizures is "to protect individuals against intrusions by the government." Lawson, 103 Hawaiʻi at 19, 78 P.3d at 1167 (quoting State v. Kahoonei, 83 Hawaiʻi 124, 129, 925 P.2d 294, 299 (1996)). Evidence obtained by a private individual acting wholly on their own initiative is properly admissible in a criminal trial. Id. There is no bright-line rule to determine whether a private individual is acting on their own or as a government agent; "the correct test for determining whether a private individual is a government agent is the 'totality of the circumstances test.'" Kahoonei, 83 Hawaiʻi at 130, 925 P.2d at 300.

> The [Hawaiʻi Supreme Court] stated that under the totality of the circumstances test, several factors may be considered in determining whether a private individual was acting as a police agent:
>
> > whether the private individual: (1) was actively recruited [by the government]; (2) was directed by a government agent; (3) acted for a private purpose; and (4) received any payment for [their] services.

Lawson, 103 Hawaiʻi at 19-20, 78 P.3d at 1167-68 (first quoting Kahoonei, 83 Hawaiʻi at 127, 925 P.2d at 297; and then citing State v. Boynton, 58 Haw. 530, 537-38, 574 P.2d 1330, 1335 (1978)).

Alisna's motion to suppress was heard on May 17, 18, and June 19, 2018. The trial court entered findings of fact, conclusions of law, and its order denying the motion to suppress on July 27, 2018. Alisna challenges findings of fact nos. 21, 22, and 23, and conclusions of law nos. 16, 17, 18, and 19.

We review findings of fact under the "clearly erroneous" standard. Lawson, 103 Hawaiʻi at 19, 78 P.3d at 1167. A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. Id.

The trial court found:

> 21.    The Court finds that entry into [Alisna]'s residence on March 7, 2014 was consistent and supported by provisions of the lease agreement entered into by and between [Alisna] and KS [Kamehameha Schools].

Alisna's on-campus housing agreement was in evidence as defense exhibit E. Under this agreement, Alisna was prohibited from using his apartment "for any unlawful or immoral purpose whatsoever[.]" If Kamehameha Schools discovered that illegal or immoral acts were taking place in Alisna's apartment, Kamehameha Schools had the right to terminate Alisna's tenancy and to "take any other reasonable action [as] necessary to stop the illegal or immoral activity." The agreement allowed Kamehameha Schools to enter Alisna's apartment to conduct inspections. Finding of fact no. 21 was supported by substantial evidence and was not clearly erroneous.

The trial court also found:

> 22.    The Court further finds that the testimony received at the hearing on the Motion to Suppress from KS security officers, Clark Mills and Michael Moses, as well as from HPD officers John Omerod and Detective Brian Tokita, are credible.

Evaluating witness credibility is within the province of the trial court, and will not be second-guessed on appeal. State v. Jenkins, 93 Hawaiʻi 87, 103-04, 997 P.2d 13, 29-30 (2000).

Finally, the trial court found:

> 23.    That KS security officers who searched and seized evidence from [Alisna]'s residence were acting as private actors employed by a private school entity.

5

Alisna is bound by the following findings of fact, which he does not contest, State v. Rodrigues, 145 Hawai'i 487, 494, 454 P.3d 428, 435 (2019):

4.   On or about March 2, 2013, KS received an anonymous report that [Alisna] secretly video recorded KS students in the nude, while they showered at [Alisna]'s residence.

5.   Upon receiving the above-mentioned report, KS initiated an attorney-driven investigation of [Alisna] independent of any police investigation.  KS did not inform HPD or any other institution of the allegation against [Alisna] or its independent investigation of [Alisna].

. . . .

8.   On March 7, 2013, while [Alisna] attended the faculty meeting, and at the direction of KS compliance officer David Burge, KS security officers Clark Mills and Michael Moses, [sic] entered [Alisna]'s residence without notice to, or permission from, [Alisna] and without a warrant; searched [Alisna]'s residence, including [Alisna]'s shower; discovered, among other things, a bracket located in the shower of [Alisna]'s residence, a mini-spy camera equipped with a Secure Digital ("SD") memory card that fit into the shower bracket, and various power cords; and physically removed the mini-spy camera with SD memory card and accompanying power cords, among other things, from [Alisna]'s residence.

9.   KS security officers took the items seized from [Alisna]'s residence to the KS security office, located on the Kapalama [sic] campus.

. . . .

12.  The KS security officers who entered [Alisna]'s residence were not employed or otherwise contracted by HPD or any other governmental agency.

. . . .

14.  KS security officers Mills and Moses did not receive any compensation from HPD or any other law enforcement agency for the search of [Alisna]'s residence.

These uncontested facts support finding of fact no. 23, which was not clearly erroneous.

Alisna also challenges conclusions of law nos. 16, 17, 18 and 19.  The trial court's conclusions of law are reviewed under the right/wrong standard.  Lawson, 103 Hawai'i at 19, 78 P.3d at 1167.  A conclusion of law that is supported by the trial

court's findings of fact and reflects an application of the correct rule of law will not be overturned. <u>Est. of Klink ex rel. Klink v. State</u>, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

The trial court concluded:

16. . . . For the following reasons, the court concludes that the March 7, 2013 search and seizure was a private search, not subject to the constitutional restraints set forth in the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Hawaii [sic] State Constitution, and the exclusionary rule does not preclude the State from using evidence recovered as a result of the March 7, 2013 search and seizure:

    a. It is undisputed that KS security officers are not employed, or otherwise contracted by HPD or any other governmental agency.

    b. It is undisputed that KS is a private educational institution and employs its own security personnel.

    c. KS has a responsibility to act with the best interest of the minor students who attend its school.

    d. KS security officers are not law enforcement officers. They do not have the authority to effectuate an arrest, nor are they charged with the responsibility of enforcing the laws of the State of Hawaii [sic].

    e. KS did not report the anonymous tip to police authorities at the time it was received, which indicates that KS was not motivated by law enforcement purposes.

    f. The security personnel involved in the search were not "actively" or inactively "recruited" by the police or any other governmental agency. On the contrary, KS security officers were acting as private individuals presumably, at the behest of their employer, KS. Furthermore, the security officers were not paid by the government to conduct the search and the [sic] received no enumeration [sic] for this search by police.

    g. KS security was not "specifically directed" by HPD. In fact, HPD was not aware of the search being conducted by KS, nor was it aware of the anonymous complaint made to KS officials that [Alisna] had secretly been recording students in the shower of [Alisna]'s

residence.  Furthermore, HPD was not present when the search was executed on March 7, 2013, nor did KS request HPD's presence during the search.  KS did not contact HPD until March 8, 2013, one day after the search had already been completed and evidence seized by KS.  No evidence, save for Moses's written statement, was turned over to Officer Omerod during his initial investigation of [Alisna] on March 8, 2013.

h.    Prior to the March 7, 2013 search and seizure, [Alisna] entered into a lease agreement with KS and was residing in faculty on-campus housing provided to him by KS.  Under the terms of [the] lease agreement, KS security was authorized to: (1) enter [Alisna]'s residence, (2) immediately terminate the lease agreement, and (3) take any reasonable action to stop any illegal or immoral activity.  KS security officers entered [Alisna]'s residence in a manner consistent with the lease agreement.

i.    That the motivation of KS security officers to enter into [Alisna]'s residence, whether proper or not, under the lease agreement entered into by and between KS and [Alisna], is irrelevant given that the security officers were not acting as law enforcement or agents of law enforcement.

The factual premises for conclusion of law no. 16 are supported by substantial evidence in the record.  Conclusion of law no. 16 reflects the proper application of the Kahoonei "totality of the circumstances test."

The trial court also concluded:

17.   . . . [Alisna] relies on State v. Bowe, 77 ~~Haw.~~ *Hawaii* [sic] 51 (1994), which stands for the proposition that the State cannot use a statement that is deemed involuntary when provided under the undue influence of a private person.  For the following reasons, the court concludes that the March 7, 2013 search and seizure did not rise to the level of a constitutionally invalid infringement of [Alisna]'s right to privacy under Article I, Section 7 of the Hawaii [sic] State Constitution:

a.    Bowe is distinguishable from the present case in several, important ways.  First, Bowe involved a statement that later deemed by the appellate court to be "involuntary" and thus suppressed under Article I, Section 10 of the Hawaii [sic] State Constitution and State v. Kelekolio, 74

8

> Haw. 479 (1993). Unlike Bowe, [Alisna] is not seeking suppression of any statement he may have provided. Second, in Bowe, the police contacted the basketball head coach to make arrangements to have certain members of the team, to include Bowe, appear at the police station for purposes of providing a statement. Here, unlike in Bowe, the police were contacted after the March 7, 2013 search and seizure. Third, unlike in Bowe, there is no evidence of [Alisna] being coerced to allow KS into his residence for purposes of a search. Accordingly, Bowe is not applicable.

(Handwriting in italics.) The trial court correctly distinguished Bowe; conclusion no. 17 was not wrong.

The trial court also concluded:

> 18. During the June 19, 2018 motion hearing, the Court observed:
>
> > Although there was some interaction between KS and law enforcement at some point, there was nothing that rose to the level such that they, meaning KS security staff, could be viewed by this Court as agents of law enforcement. There was no prior discussion before they began their investigation, there was no sharing of information, there was no request for direction, instruction, there was absolutely nothing--certainly there was no payment or reward or anything like that which some of the cases speak about.

The factual premises for conclusion of law no. 18 are supported by substantial evidence in the record; conclusion of law no. 18 reflects the proper application of the Kahoonei "totality of the circumstances test." Conclusion of law no. 18 was not wrong.

Finally, the trial court concluded:

> 19. In light of the above, and based upon applicable statutory and legal authority, the court properly denies [Alisna]'s December 12, 2016 Motion to Suppress Evidence on both the constitutional and statutory claims raised by [Alisna].

Conclusion of law no. 19 is supported by the trial court's findings of fact and reflects an application of the correct rule of law. It was not wrong.

9

>     **2.    The trial court did not abuse its
>            discretion by denying the motion to
>            dismiss.**

"A trial court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion." State v. Deguair, 136 Hawaiʻi 71, 84, 358 P.3d 43, 56 (2015) (citation omitted). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citation omitted). "The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Id. at 84-85, 358 P.3d at 56-57.

Alisna contends that counts 1-5 of the indictment should have been dismissed because the State failed to allege that Alisna was not acting "in the execution of a public duty or as authorized by law[.]"  However, HRS § 806-29 (1993) provides:

> **§ 806-29  Exceptions need not be negatived.**  No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse, or proviso contained in the statute creating or defining the offense.  The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act existed in a particular case.

HRS § 806-29 "specifically provides that an indictment is not required to negate exceptions set forth in the statute establishing the offense." State v. Turping, 136 Hawaiʻi 333, 335, 361 P.3d 1236, 1238 (App. 2015) (citing HRS § 806-29 (2014))[4].  Thus, the State was not required to allege that Alisna was not acting "in the execution of a public duty or as authorized by law" in counts 1-5 of the indictment.  Contrary to Alisna's contentions, findings of fact nos. 9 and 11 in the November 6, 2018 order were supported by substantial evidence and were not clearly erroneous; conclusions of law nos. 3, 9, and 11-18 were supported by the trial court's findings of fact and

---

[4]    The 2014 version and 1993 version of HRS § 806-29 are identical because the statute has not been amended since 1972.

reflect an application of the correct rules of law.  The trial court did not abuse its discretion by denying Alisna's motion to dismiss.

### 3.  The trial court did not err by denying the motion for judgment of acquittal.

We review the trial court's ruling on a motion for judgment of acquittal de novo using the same standard as the trial court.  See State v. Carroll, 146 Hawaiʻi 138, 150, 456 P.3d 502, 514 (2020).  The standard applied by a trial court in ruling upon a motion for a judgment of acquittal is whether, viewing the evidence in the light most favorable to the prosecution, a trier of fact could fairly conclude that the defendant was guilty beyond a reasonable doubt.  Id.

Alisna's motion for judgment of acquittal argued that the State failed to prove he was not acting "in the execution of a public duty or as authorized by law[.]" In response, the State argued that the exception was "not a material element for [sic] which the State must prove beyond a reasonable doubt."  The trial court agreed with the State:

> [T]he Court's going to rule that the exception that's embodied in 711-1110.9 constitutes a defense and not an element of the offense and, therefore, that is pivotal to the Court's ruling on both of these motions, because if it is an element, it's required to be alleged, it's required to be proven or disproved.
>
> If it's a defense, then it's not required . . . for the State to produce evidence of that in its case in chief.
>
> . . . .
>
> And notwithstanding the fact that there's complete lack of evidence with regard to disproving the exception, that [sic] that's not fatal in this particular case to the State.

The Hawaiʻi Supreme Court's recent decision in State v. Castillon, 144 Hawaiʻi 406, 443 P.3d 98 (2019) is dispositive.  In that case Castillon was convicted of driving without a license (**DWOL**).  The DWOL statute at issue, HRS § 286-102(a) (2007), provided that "No person, *except one exempted under section 286-*

11

*105* . . . shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles." (Emphasis added.) HRS § 286-105 (2007) provided that persons possessing a valid driver's license issued by Canada, or a valid commercial driver's license issued by Canada or Mexico, were "exempt from license[.]"

Castillon contended that the State had the burden to prove she did not have a valid driver's license issued by Canada, or a valid commercial driver's license issued by Canada or Mexico, and failed to present any evidence on that essential element of DWOL. The supreme court disagreed. Citing HRS § 701-115(a), the supreme court stated that "a fact or set of facts which negatives penal liability" is a defense. Id. at 411, 443 P.3d at 103. The supreme court then held:

> Here, if Castillon had introduced "some evidence"[5] that she possessed a valid driver's license in Canada or a valid commercial driver's license in Canada or Mexico, the burden would shift to the State to introduce evidence disproving her defense.
>
> Therefore, we concur with the ICA's conclusion that the exemptions referenced in HRS § 286-102(a) and described in HRS § 286-105 are defenses to the offense of DWOL, for which Castillon bore the initial burden of production. We make this determination irrespective of whether Castillon had knowledge or private control over facts establishing that she had a valid driver's license in Canada or Mexico. Because she did not produce "some evidence" that she possessed a valid driver's license that would qualify her for exemption, as set forth in HRS § 286-105, the burden did not shift to the State.

Id. at 412, 443 P.3d at 104.

Similarly, in this case evidence that Alisna acted "in the execution of a public duty or as authorized by law" when he secretly recorded students showering in the nude would negative penal liability under HRS § 701-1110.9. Under HRS § 701-115(a),

---

[5] "'Some evidence' is 'such evidence [that] would support the consideration of that issue by the jury, no matter how weak, inconclusive, or unsatisfactory the evidence may be.'" Castillon, 144 Hawaiʻi at 411 n.9, 443 P.3d at 103 n.9 (quoting State v. Maelega, 80 Hawaiʻi 172, 178-79, 907 P.2d 758, 764-65 (1995)) (other citations omitted).

that set of facts would be a defense, for which Alisna bore the burden of production. Alisna introduced no evidence that he acted in the execution of a public duty or as authorized by law. Thus, the burden never shifted to the State to introduce evidence disproving the defense. Castillon, 144 Hawaiʻi at 411-12, 443 P.3d at 103-04; cf. State v. Romano, 114 Hawaiʻi 1, 6, 155 P.3d 1102, 1107 (2007) (holding statutory exception was a defense); State v. Jenkins, 93 Hawaiʻi 87, 107, 997 P.2d 13, 33 (2000) (same); State v. Lee, 90 Hawaiʻi 130, 138, 976 P.2d 444, 452 (1999) (same); State v. Bowman, 135 Hawaiʻi 180, 187, 346 P.3d 249, 256 (App. 2015) (same), rev'd on other grounds, 137 Hawaiʻi 398, 375 P.3d 177 (2016); Turping, 136 Hawaiʻi at 336-37, 361 P.3d at 1239-40 (same); State v. Nobriga, 10 Haw. App. 353, 359, 873 P.2d 110, 113 (1994) (same), overruled on other grounds by State v. Maelega, 80 Hawaiʻi 172, 907 P.2d 758 (1995). Findings of fact nos. 9 and 11 in the November 6, 2018 order were supported by substantial evidence and were not clearly erroneous; conclusions of law nos. 3, 9, and 11-18 were supported by the trial court's findings of fact and reflect an application of the correct rules of law.

For the foregoing reasons, the "Judgment of Conviction and Sentence" entered by the circuit court on July 30, 2020, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 8, 2021.

On the briefs:

Keith S. Shigetomi,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge