**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000013
28-JUN-2022
07:56 AM
Dkt. 67 SO**

NO. CAAP-20-0000013


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KATELYN CHRISMAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO.  3DTI-19-056074)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)


Defendant-Appellant Katelyn S. Chrisman (**Chrisman**) appeals from the December 10, 2019 Judgment and Notice of Entry of Judgment (**Judgment**), entered by the District Court of the Third Circuit[1] (**District Court**), convicting her of operating a vehicle without a driver's license, in violation of Hawaii Revised Statutes (**HRS**) § 286-102(b)(3).[2]

On appeal, Chrisman argues as follows:  because Cynthia Buendia (**Buendia**) is not the custodian of records for the State

---

[1]     The Honorable Mahilani E.K. Hiatt presided.

[2]     Though the Judgment indicates Chrisman was convicted under HRS § 286-102, generally, she was charged under subsection (b)(3).  HRS § 286-102 (Supp. 2018), entitled "Licensing," provides, in relevant part:

>       (b) A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
>
>             . . . .
>
>             (3) Passenger cars of any gross vehicle weight rating . . . .

of Nevada's driver's licensing department, the District Court erred in admitting her testimony and Plaintiff-Appellee State of Hawaiʻi's (**State**) trial Exhibit 2 (**Exhibit 2**) to prove Chrisman's Nevada driver's license was revoked at the time of the alleged offense; the version of Exhibit 2 found in the record was not signed by Buendia; and without proof that Chrisman did not have a valid Nevada driver's license, there is insufficient evidence to support the conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm the Judgment for the reasons set forth below.

"When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard." State v. Heggland, 118 Hawaiʻi 425, 434, 193 P.3d 341, 350 (2008). We answer "questions of constitutional law by exercising our own independent judgment based on the facts of the case . . . under the 'right/wrong' standard." State v. Fields, 115 Hawaiʻi 503, 511, 168 P.3d 955, 963 (2007) (citations omitted).

Chrisman concedes that Buendia could testify as to whether Chrisman lacked a valid Hawaiʻi driver's license and that her second argument is moot because the District Court subsequently corrected the record to include the version of Exhibit 2 signed by Buendia and admitted into evidence at trial. Nonetheless, she contends the State violated her right to confront witnesses under the Hawaiʻi and United States Constitutions[3] because Buendia testified that Chrisman's Nevada driver's license was revoked despite Buendia not being the custodian of records for Nevada's driver's licensing division, and without such evidence, the conviction cannot stand. The State counters, *inter alia*, that under HRS § 286-102(b)(3), it needed to prove only that Chrisman lacked a Hawaiʻi driver's license, as Chrisman had the burden to prove an exemption to the

---

[3] Chrisman invokes her right to confront witnesses under the Sixth Amendment to the United States Constitution and article I, section 14 of the Hawaiʻi Constitution.

licensing requirement under HRS § 286-105(3);[4] and Chrisman did not meet that burden because she failed to produce a Nevada driver's license, and her testimony as to what the "DMV"[5] allegedly told her "in fact clarified that her Nevada license was suspended." Chrisman replies that she only needed to produce "some evidence" to shift the burden to the State to disprove her defense, which she did by testifying that she possessed a Nevada driver's license.

The State is correct in that, to convict a defendant under HRS § 286-102(b)(3), it need not disprove an exemption from the Hawaiʻi licensing requirement unless a defendant produces "some evidence" of the exemption, such as possession of a "valid" equivalent driver's license from another state. State v. Castillon, 144 Hawaiʻi 406, 412, 443 P.3d 98, 104 (2019); HRS § 286-105(3)). Though Chrisman testified that she "physically" had a Nevada driver's license the day she was cited, she did not indicate whether it was valid. Moreover, she later clarified that, after being cited, she visited the "DMV" and was told her Nevada license was suspended. She did not claim that what the "DMV" allegedly told her was incorrect. Thus, taken as a whole, her testimony does not constitute evidence that her Nevada license was, in fact, "valid," to raise a defense based on an

---

[4]     HRS § 286-105 (2007), entitled "What persons are exempt from license," provides, in relevant part:

> The following persons are exempt from license:
>
> . . . .
>
>     (3)  Any person who is at least eighteen years of age and who has in the person's possession a valid driver's license to drive the categories of motor vehicles listed in section 286-102(b) . . . that is equivalent to a driver's license issued in this State but was issued to the person in another state of the United States . . . .

[5]     Chrisman fails to explain what agency or department she meant by "DMV." Nonetheless, we take judicial notice that the abbreviation "DMV" commonly refers to a state's department of motor vehicles. Hawaiʻi Rules of Evidence Rule 201(b); State v. Kwong, 149 Hawaiʻi 106, 117, 482 P.3d 1067, 1078 (2021) (citations omitted) ("'Where the equity of the situation dictates, we will use our discretion to take judicial notice of matters of which courts may properly take judicial notice but which are not part of the record on appeal.'").

exemption under HRS § 286-105(3).  See Castillon, 144 Hawaiʻi at 412, 443 P.3d at 104.  Given that Chrisman failed to shift the burden to the State to disprove her defense, her argument lacks merit.  There was substantial evidence to support Chrisman's conviction.  See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

For the foregoing reasons, the December 10, 2019 Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 28, 2022.

On the briefs:

William B. Heflin,
(Alcain Naniole & Heflin)
for Defendant-Appellant.

E. Britt Bailey,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge